## O. P. BAKER v. THE STATE.

No. 15800.   Delivered March 22, 1933.
Reported in 58 S. W. (2d) 535.

The opinion states the case.

*R. E. Dickson,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling a narcotic drug; punishment, five years in the penitentiary.

The Legislature, in defining the term "narcotic drug," makes it include many drugs specifically named.  In other words, by the very terms of the act, which is chapter 97, Acts Regular Session, 42nd Legislature, "narcotic drug" is made a generic term, in which case, under many authorities, it is not enough that one indicted for a violation of the provisions of said act be charged with possession, sale, etc., of narcotic drugs; but such indictment should go further and name the particular drug so possessed, or sold in the particular case. Brewer v. State, 5 Texas App., 248; McAfee v. State, 38 Texas Crim. Rep., 124; Dixon v. State, 21 Texas App., 517; Kennedy v. State, 86 Texas Crim. Rep., 450; Todd v. State, 89 Texas Crim. Rep., 99; Stanford v. State, 99 Texas Crim. Rep., 111. The indictment in the instant case should have added to the averment that a narcotic drug was possessed, a further allegation such as, towit, morphine—or whatever drug was involved.

The indictment being insufficient, the judgment is reversed and the cause dismissed.

*Reversed and dismissed.*