## SELLMAN MOSS v. THE STATE.

No. 19307.   Delivered February 2, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing for the purpose of sale intoxicating liquor in dry territory, punishment assessed being a fine of one hundred dollars.

On the 8th day of March, 1937, some person not identified in the record telephoned from Llano, Texas, to the jailer in San Saba that a car containing whisky, and giving the license number of the car, was leaving Llano for San Saba. This information was conveyed by the jailer to the justice of the peace, who in turn informed Mr. Owen, the deputy sheriff. Owen, in company with the justice of the peace and two other parties, drove out about eight miles on the road toward Llano and in a short time saw an approaching car bearing the license numbers given by the unknown party. The officer waved his hand and when the car failed to stop he pulled out his pistol, whereupon the car slowed down and stopped. The car was occupied by appellant and a man by the name of Myers. The officer asked who the car belonged to, and was informed that it belonged to Myers. He then told them he wanted to look over the car, and appellant gave his permission, Myers apparently saying nothing at this time about the search. The officer looked in the car and found eight pints of whisky and twenty-one half-pints of whisky. Myers said the car belonged to him, but that the whisky belonged to appellant. Appellant also said that the car belonged to Myers, but that the whisky belonged to him (appellant).

Upon the trial appellant did not testify and introduced no evidence.

Appellant objected to the testimony of the officer upon various grounds, one being that the offense, if any, was a misdemeanor, and the law permitting the search of an automobile upon probable cause had no application where the offense was a misdemeanor instead of a felony. This objection raises quite an interesting point, but we do not regard it necessary to discuss the same at this time. The case turns upon other propositions.

Appellant further objected to the testimony of the officer upon the ground that he had no warrant for the arrest of appellant and no warrant authorizing the search of the car. It may be admitted that the arrest of appellant and Myers was illegal. The car belonged to Myers, not appellant. The search of the car invaded Myers' property rights, not appellant's. Therefore, appellant had no basis for objecting to the evidence resulting from the search of the car under the circumstances. This, notwithstanding the officer said Moss gave his consent to the search

of the car. See Duncan v. State, 111 Texas Crim. Rep. 633, 13 S. W. (2d) 703. In the case mentioned the testimony of the officer as to the result of the search of an automobile was objected to, and this Court held the objections were properly overruled for two reasons; the second, "because the car did not belong to appellant and no right of his was invaded by the search," citing authorities in support of the holding. See also Salinas v. State, 113 Texas Crim. Rep. 142, 18 S. W. (2d) 663.

A further objection to the officer's testimony was urged upon the ground that appellant and Myers were under arrest and that no statement made by them under such circumstances should have been admitted. This objection would have been good but for the fact that the statements made by appellant and Myers were res gestae and were properly admitted in evidence.

There was no necessity for the court to charge on circumstantial evidence. By his res gestae statement appellant admitted the ownership and possession of the whisky.

Neither do we see any necessity for the court to have defined what is meant by the term "possession." No facts are presented which demanded such a charge.

This case has been decided without reference to the definition of "illicit beverage" as found in Section 666-3a of the Texas Liquor Control Act, passed by the 45th Legislature in 1937; or the provisions of Article 666-30, with reference to the seizure of illicit beverages, etc., because the law last referred to did not become effective until September 1, 1937.

Finding no error in the record, the judgment is affirmed.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the motion for rehearing filed by the appellant leaves us of the opinion that the proper disposition of the appeal was made upon the original submission.

The motion for rehearing is overruled.