## GLENN ROACH V. STATE.

No. 26,513. November 11, 1953.

Robert B. Allen, Hugh B. Street, and Robert H. Stinson, Jr., all of Dallas, for appellant.

Jack C. Altaras, District Attorney, Cleburne, and Wesley Dice, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possessing a bomb; the punishment, fifteen years.

The indictment, omitting the formal parts, charged as follows: "Glenn Roach did, then and there unlawfully possess and have in his control a bomb; against the peace and dignity of the State."

This is the first case to reach this court involving a prosecution under Article 1723, P. C.

Section 1 of said Act reads as follows:

"The term 'bomb,' as used in this Act means:

"(a) Any explosive, inflammable or combustible substance controlled in any form of container whatsoever whereby the same is susceptible of being set off or exploded, or which automatically explodes when coming in contact with heat, fire, mechanical contrivance or chemical process or which will ignite, detonate or dissemble in any manner so as to cause injury or harm to any person, animal or plant life, or which will damage property in any manner.

"(b) Any substance classifid by scientists as being fissionable or capable of liberating subatomic or nuclear energy in quantities destructive of life and property.

"(c) Any collection of nitroglycerine, dynamite, gunpowder, guncotton or other form of explosive matter including caps, fuses or fuse-heads capable by their ignition or explosion of causing damage to persons or property.

"(d) Any container which may conceal or segregate bacteria, disease germs, poisons, poisonous gases or contagious matter of any kind that is capable of causing sickness, nausea, disability or death to any person or animal, or which may inoculate plant life, contaminate water, air or food, or damage property.

"(e) Any time bomb, booby trap, land mine, dynamite stick, infernal machine or any other contrivance reasonably believed by the arresting person to be intended to be used for unlawful purposes.

"(f) Any capsules, ampules, tubes, torpedoes or encased containers that may contain disease-spreading, inflammable, combustible, harmful or explosive substance of any kind or which if commingled with other substances would cause an explosion or any condition or situation which might endanger life, health or property."

Appellant timely presented a motion to quash the indictment,

because the same failed to "specify the kind, type or nature of such bomb which the defendant is alleged to have had . . ." and alleged that he was unable to adequately prepare for his defense because he was not sufficiently informed as to the nature of the charge against him.

The nearest analogy to the case before us arose in Baker v. State, 123 Tex. Cr. Rep. 209, 58 S. W. 2d 534. In that case, the indictment charged that Baker did unlawfully possess a narcotic drug against the peace and dignity of the State." This court reversed the conviction and said:

"It is the intent of the Constitution that the accused in the particular case be given information upon which he may prepare his defense. This information must come from the *face* of the *indictment.*"

We think the Baker case is here controlling and that the learned trial court fell into error in overruling the motion to quash.

Article 397, C. C. P., reads as follows:

"Everything should be stated in an indictment which is necessary to prove."

In the case at bar, the state was required to prove that the accused possessed a bomb and that such bomb came within one of the six enumerated categories set forth in the statute, some of which it will be noted are not explosives. The allegation in the indictment should have shown in which category the proof will fall.

It should be noted that the officers took into their possession the ingredients that went to make up the bomb in the instant case, and the state would have had no difficulty in enumerating them so as to properly apprise the accused of the nature of the charge against him.

The judgment is reversed and the prosecution ordered dismissed.