David Albrin Smith v. State.

No. 26,685.   December 16, 1953.

*Truman Power* and *Ronald W. Aultman,* Fort Worth, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of burglary, and his punishment was assessed at two years in the penitentiary.

R. A. Thrash, owner of the Little Abner Lounge, testified that about 3 A.M. on March 11, 1953, he found that his place of business had been broken into; that his cigarette machine had been broken, with some cigarette packages missing and others scattered about the floor; and that about "six or seven dollars" in money were missing from the cigarette machine.

J. N. Foster, a police officer, testified that he and his partner, J. D. Roberts, about 2:30 A.M., on March 11, 1953, stopped an automobile which appellant was driving; that two men and three girls were with him; that they observed some tools in the automobile and upon search found hammers, punches, pinch bar, nine packages of cigarettes, several bottles of beer, and a man's jacket with 259 nickels in a pocket. He further testified that they later found that "Little Abner's Lounge" had been broken into; that the nickelodeon, cigarette machine, and shuffleboard had been pried open; that they picked up several packages of cig-

arettes which were on the floor, and that the numbers on the tax stamps on these cigarettes corresponded with the numbers on the tax stamps on the packages of cigarettes which they found in the automobile driven by appellant.

J. D. Roberts, policeman, testified that the automobile which appellant was driving at the time they stopped him belonged to Bobby Lee Wright and not to appellant.

Evon Parks testified that she was one of the five occupants in the automobile with appellant when they were stopped by police officers about 2:30 A.M. on March 11, 1953; that appellant, shortly before they saw the police, stopped the automobile about one block from Little Abner's, and that appellant and Joe Tom Carr left the automobile; that they returned in about fifteen minutes with some cigarettes and beer and appellant said the cigarettes and beer came from Little Abner's.

Appellant did not testify and offered H. B. Standley by whom he sought to show the ownership of the beer license and actions toward cancellation of same at Little Abner's Lounge during March, 1953.

Appellant contends that the search of the automobile was not authorized upon the ground that the officers were without a search warrant.

The evidence shows that appellant did not own the automobile in question and that the owner was in the car at the time of the search, therefore, there was no invasion of the rights of the accused. Moss v. State, 135 Tex. Cr. R. 181, 117 S.W. 2d 428; Lee v. State, 148 Tex. Cr. R. 220, 185 S.W. 2d 978.

Appellant complains of the refusal of the court to grant his motion in which he requested the court to instruct the attorney for the state not to read to the jury the allegations in the indictment setting forth prior convictions, upon the ground that it would be prejudicial to his rights, and that the attorney for the state knew at the time he announced ready for trial that he was not in position to support same by proof

The record fails to show that this motion was presented to the court or that the court took any action thereon. However, we do find indexed in the statement of facts what purports to be a bill of exception to the action of the court in refusing to in-

struct the assistant district attorney to refrain from reading to the jury the count of the indictment in which the El Paso former conviction is pleaded. This is not such a matter as may be raised by an informal bill of exception because this does not relate to evidence offered or adduced upon the trial or the rulings of the court during the introduction of the evidence.

We find the evidence sufficient to support the verdict of the jury.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.