GLENN ROACH V. STATE

No. 27,013. May 26, 1954
Appellant's Motion for Rehearing \ Denied
(Without Written Opinion) June 26, 1954

*Martin & Shown,* by *James J. Shown,* Houston, and *Angelo Piranio* (on Motion for Rehearing Only) Dallas, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possessing a bomb; the punishment 13 years in the penitentiary.

The sole question presented is the sufficiency of the indictment, the charging part of which reads as follows:

" . . . did then and there unlawfully possess and have in his control a bomb, to-wit: a collection of nitroglycerine capable

by its ignition and explosion of causing damage to persons and property . . ."

The indictment was drawn under Art. 1723 V.A.P.C., Section 1(c) of which defines the term "bomb" as meaning "any collection of nitroglycerine, dynamite, gun-powder, gun cotton or other form of explosive matter including caps, fuses or fuse heads, capable by their ignition or explosion of causing damage to persons or property."

Appellant contends that the possession of nitroglycerine is not an offense under Art. 1723 and the foregoing definition unless such substance be a part of a "collection" including caps, fuses or fuse heads as well as nitroglycerine and collectively is capable, by ignition or explosion, of causing damage to persons or property.

Appellant cites as authority Roach v. State, 159 Texas Cr. Rep. 157, 261 S.W. 2d 847, a former appeal of a conviction against him for possessing a bomb. There we held the indictment insufficient and ordered the prosecution dismissed because of the absence of any allegation specifying the kind, type or nature of the bomb the accused was alleged to have possessed. We pointed out that some of the things defined as constituting a bomb were not explosives. Reliance could not, therefore, be had on the ordinary meaning of the word bomb in charging the offense defined by this statute.

We cannot agree with appellant's contention here and do not think that the case cited in any way supports his position.

As we understand the definition of a bomb in Section 1(c) of Article 1723 V.A.P.C., a "collection" or amount of nitroglycerine or other explosive which is capable by its ignition and explosion of causing damage to person or property is a bomb, the possession or control of which is punishable under Section 2 of said Article 1723, V.A.P.C., though no caps, fuses or fuse heads are included or possessed or controlled in connection therewith.

The trial court was correct in overruling the motion to quash the indictment upon the grounds that it failed to describe a "bomb" as defined in the statute.

The judgment is affirmed.