Cleveland KIRKLAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 35153.

Court of Criminal Appeals of Texas.

Feb. 6, 1963.

Rehearing Denied March 27, 1963.

Second Rehearing Denied April 24, 1963.

Clyde W. Woody, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is the unlawful sale of a narcotic drug; the punishment, five years in the penitentiary.

The state's evidence reflects that appellant was the owner of a drugstore in Houston and that, in one transaction, he sold to Officer Pollock, an undercover agent of the Houston police department, from the back door of his establishment, five four-ounce bottles of paregoric. There was no prescription for the preparation, and the officer was not required to sign any register. The bottles were unlabeled.

Appellant took the stand and denied the entire transaction.

The first proposition to be considered is appellant's contention that there is a variance between the pleadings in the indictment and the proof. The indictment charged the unlawful sale of a narcotic drug, "to-wit, a preparation of opium commonly known as paregoric."

Appellant asserts that the proof shows that the narcotic content of paregoric is morphine, not opium, and thus that there is a fatal variance. Without extensive reference to the testimony, suffice it to say that there was evidence that paregoric was a preparation of "opium," or "morphine," and was "an opiate."

Assuming, without conceding, appellant's assertion to be correct that morphine is the narcotic ingredient of paregoric, we still must reject his contention. Art. 725b, Sec. 1(12), V.A.P.C., defines opium as including "*morphine,* codein, and heroin, *and any compound,* manufacture, salt, *derivative, mixture or preparation of opium,* but does not include apomorphine, or any of its salts." (Emphasis, added.)

Thus, while the proof may have shown the paregoric to have contained morphine, this is not a variance from the allegation of a "preparation of opium," Sec. 1(12), Art. 725b, and the necessity for specifically informing the accused of the nature of the accusation, as set out in Baker v. State, 123 Tex.Cr.R. 212, 58 S.W.2d 535, is adequately met by the phrase, "commonly known as paregoric." See: Criswell v. State, Tex. Cr.App., 346 S.W.2d 341.

Appellant next contends that the indictment fails to charge him with an offense, because paregoric is an exempt drug. In support of this proposition he cites Sec. 9 (1) of Art. 725b, V.A.P.C., and 26 U.S.C.A. § 4702.

Sec. 9(1) contains the following proviso:

"Provided further, that any person may purchase at any time one (1) ounce of paregoric without a doctor's prescription."

■ The answer to this contention lies in the section of our statute relied upon. When the legislature specifically names one commodity and prescribes rules for its dispensing, then the remainder of the statute may be disregarded because the legislature has made its intention clear as to the named commodity.

■ The failure to allege that appellant sold more than one ounce is not fatal. Such is a defensive matter and is not required to be alleged. Browning v. State, 161 Tex.Cr. R. 276, 276 S.W.2d 552. Nor is it required that the exceptions provided by the statute be negatived. Sec. 21, Art. 725b, V.A.P.C.; Torres v. State, 161 Tex.Cr.R. 480, 278 S. W.2d 853; Manson v. State, 166 Tex.Cr.R. 514, 316 S.W.2d 414; Bridges v. State, 166 Tex.Cr.R. 556, 316 S.W.2d 757.

Appellant's next contention is that 26 U.S.C.A. § 4702, is incorporated into Texas law. In light of the 1960 amendment (apparently overlooked by him) of that article, we fail to see how it could benefit his case. The record does not reveal how the federal exemptions are to apply.

■ If it is appellant's contention that paregoric is an "opiate" within the provisions of Sec. 1(14), Art. 725b, we point out that such provision clearly refers to the more restricted definition of "opiate" found in Webster's Third New International Dictionary (G. & C. Merriam Co., Springfield, Mass., 1961):

"* * * 2: *a synthetic drug* capable of producing or sustaining addiction *similar to that characteristic of morphine and cocaine:* Narcotic—used esp. in modern law * * *." (Emphasis, added.)

See: Commissioner's Comment, Uniform Narcotics Act, Sec. 1, 9B ULA, p. 282, 26 U.S.C.A. § 4731(g).

Thus the word "opiate," as used in the statute, is not meant to apply to preparations "containing or mixed or impregnated with opium," Webster's Third New International Dictionary, supra, but to synthetic preparations having characteristics similar to those of morphine or cocaine.

Appellant next contends that the evidence is not sufficient to support the conviction.

Sec. 2(a), Art. 725b, V.A.P.C., makes it unlawful for a person to sell or dispense any narcotic drug; Sec. 2A adds that it shall

be lawful where so authorized by the terms of the act. Sec. 6(1) allows an apothecary "in good faith" to "sell and dispense narcotic drugs to any person upon written prescription, or an oral prescription * *."

■ The evidence clearly shows a sale by the appellant of more than one ounce of paregoric to Officer Pollock, without a prescription.

■ The appellant insists that the court erred in not instructing the jury on the penalty for "dispensing any drug at retail," under Art. 758, V.A.P.C. However, he fails to recognize that "a person may be held to answer for any offense, great or small, which can be legally carved out of the transaction." 16 Tex.Jur.2d, Criminal Law, Sec. 24; 1 Branch's Ann.P.C.2d Ed. 625, Sec. 654; Lewis v. State, Tex.Cr.App., 346 S.W.2d 608.

Appellant's contentions are without merit.

Finding the evidence sufficient and no reversible error appearing, the judgment is affirmed.

## ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant states that we did not, in the light of what we said in Venzor v. State, 162 Tex.Cr.R. 175, 283 S.W.2d 397, properly dispose of his objection to the failure of the court to give the jury in his charge an opportunity to find appellant guilty of a violation of Article 758, V.A.P.C. In Venzor, we said:

"Appellant was admittedly a practicing physician, licensed as such by the Board of Medical Examiners of this State. He was therefore admittedly a practitioner, as that term is used in the statute. Yet the jury was not so instructed, nor was the term practitioner defined in the charge."

■ The effect of the above statement was that Venzor being a licensed physician was entitled to the affirmative defense which was specifically enumerated in Article 726c, V.A.P.C., relating to the dispensing of barbiturates (but which has since been repealed), and such defense should have been submitted to the jury. However, in the case at bar, no affirmative defense is presented, and appellant is not entitled to a charge under Article 758, supra, because he was charged with selling a narcotic drug under Article 725b, V.A.P.C., and not a barbiturate under Article 726d, V.A.P.C. (dangerous drugs). The provisions of Article 758 do not apply to narcotics but do apply, among other things, to dangerous drugs.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.