**Guy Roger HART, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38791.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

J. W. Reid, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant was charged in County Court by complaint and information with an offense in this language: "unlawfully possess a dangerous drug." Upon a plea of nolo contendere before the Court without a jury, appellant was found guilty and his punishment was assessed at a fine of $100.00.

Appellant urged in his Motion for New Trial that the information in this cause is insufficient under the law to charge an offense against him. Additionally, he brings forward as Formal Bill of Exception

No. 1 this same contention. He here urges that the complaint and information are fundamentally defective for the reason that they do not specify therein the name of the drug. The prosecution is brought under the provisions of Art. 726d, Sec. 2, Vernon's Ann.P.C. Under this article many drugs are enumerated by definition as being dangerous drugs.

We note that no exception was taken to this information prior to the verdict being rendered, and no motion to quash was made by appellant. We do, however, consider appellant's contention for the reason that it is his position that the information does not charge an offense. Such a contention does present a question of fundamental error.

This Court, speaking through Judge Graves, held in Harrison v. State, 151 Tex. Cr.R. 606, 210 S.W.2d 591: "The defect in the indictment being one of substance, same can be taken advantage of for the first time on appeal." The judgment was there reversed and the prosecution ordered dismissed because of the failure of the indictment to allege that the truck in question was a motor vehicle as required by law. This was a conviction of failing to stop and render aid after a collision.

We held in Garza v. State, 171 Tex.Cr.R. 420, 351 S.W.2d 248, that the complaint and information did not allege the statutory requisite as to the value of the automobile operated without the owner's consent. "Even though no objection has been urged, we regard the above error as fundamental; accordingly, the cause is reversed and the prosecution ordered dismissed."

This Court earlier held in both cases of Baker v. State, 123 Tex.Cr.R. 209, 58 S.W. 2d 534 and 123 Tex.Cr.R. 212, 58 S.W.2d 535, where no objection was taken nor motion to quash made in the trial court, nor on motion for new trial, in either case, that an indictment upon which convictions were obtained for possessing a narcotic drug, and for selling a narcotic drug, that the indict-

ments were insufficient without naming the particular drug possessed or sold. The statute under which those two prosecutions were brought defined the term "narcotic drug" to include many drugs specifically named, so that the term "narcotic drug" is a generic term. Presiding Judge Morrow stated in the first Baker case, supra:

"It is apparently manifest that an indictment in which the offense is described as unlawfully possessing a narcotic, in order to comply with the Constitution, should name the substance that is intended. In the absence of such an averment, one charged, as in the present case, with the possession of a 'narcotic,' would be without information in the indictment relating to the evidence that the state intended to prove. Under such an indictment, he would be put on trial ignorant, so far as the information is contained in the indictment, of the act upon which his conviction was sought."

Judge Lattimore stated in the second Baker case, supra:

"The indictment in the instant case should have added to the averment that a narcotic drug was possessed, a further allegation such as, to wit, morphine—or whatever drug was involved. The indictment being insufficient, the judgment is reversed and the cause dismissed."

The first Baker case, supra, was cited with approval in Roach v. State, 159 Tex. Cr.R. 157, 261 S.W.2d 847, and quoted:

" 'It is the intent of the Constitution that the accused in the particular case be given information upon which he may prepare his defense. This information must come from the face of the indictment.' "

We think the cited cases are here controlling and that the learned trial judge fell into error in overruling the motion for a new trial.

The judgment is reversed and the prosecution ordered dismissed.

WOODLEY, Judge (dissenting).

In the absence of any exception to or motion to quash the information and of any question raised prior to the verdict, I would overrule the contention that the indictment is insufficient to support the conviction.