**Bobby Leroy WIMBERLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41599.**

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

Norman Kinne, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, Alvin Walvoord, Douglas Mulder, Kerry P. Fitz-Gerald, Malcolm Dade and Camille Elliott, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault with firearms; the punishment, assessed by the jury, 99 years in the Texas Department of Corrections.

The State's evidence reflects that on the afternoon of April 14, 1967, at approximately 3:30 p. m. William W. Boyd, the manager of a food market in the City of Irving (Dallas County), returned to his store's parking lot after having withdrawn

$5,015.00 from the bank which was needed for the store's weekend business. As he emerged from his automobile, a white car pulled up near him and two "hose-masked" men demanded the contents of his money bags brandishing a pair of shotguns and threatening to kill him. Complying with the demand, Boyd handed over the money. After causing Boyd to lie down in the seat of his own car, the two individuals sped off. Boyd testified that the money was taken from his care, custody and possession without his consent and that under the circumstances he was in fear of his life or serious bodily injury. He identified appellant despite the hose-mask as the man in the back seat who had threatened to kill him. He identified State's Exhibit #1 as a hose similar to the one used by the two men. He positively identified the shotgun marked State's Exhibit #2 as one of the two shotguns used and identified State's Exhibit #3 as appearing to be one of the shotguns used.

The following night at 10 p. m. Dallas City Police Officer James Eric Grau was on patrol in uniform and in a marked vehicle. Officer Grau testified that at such time he stopped a two-tone 1957 Chevrolet in the 3100 block of Blackburn Street for having an extremely loud muffler. As he approached the car he observed the appellant Wimberly in the rear seat. The driver, Claud Howard Jones, was unable to produce an operator's license. The passenger in the front seat, Carry K. Pittman, claimed ownership of the car and at such time as Jones was unable to produce the license, both he and Pittman without request stepped out of the automobile. Officer Grau testified that both men appeared to be extremely nervous and apparently were attempting to keep him away from the automobile. This conduct aroused the officer's suspicions and being alone, he became somewhat apprehensive for his safety and radioed his partner for assistance. Officer Gurlock promptly arrived and then the two officers instructed the appellant to get out of the rear seat of the automobile.

At this time Pittman then called Officer Grau aside and stated that the other two men were ex-convicts and that "there were two guns in the car." A subsequent search produced a loaded 12-gauge shotgun under the seat Pittman had occupied which was marked for identification as State's Exhibit #3 and another loaded 12-barrel shotgun lying on the back seat where appellant had been seated. This shotgun was marked as State's Exhibit #2. In addition, a woman's stocking, similar to the hose worn by the robbers, was discovered in Pittman's boot.

The following day appellant and Jones were identified at a lineup by the complaining witness Boyd as the two men who had held him up at gunpoint.

Appellant did not testify but offered two witnesses to support his defense of alibi. These two women placed the appellant in a bar drinking beer at the time of the alleged robbery.

In appellant's first ground of error he urges that the evidence found as a result of the search of Pittman's automobile was erroneously admitted by the trial court over his objection. He contends that the search and seizure was illegal in that (1) the police had no right to search an automobile solely as an incident to an arrest for a traffic violation; further (2) no probable cause existed which would justify the search of the car in which appellant was a passenger.

We find no merit in appellant's contention for several reasons. There is no question but what Officer Grau made a valid arrest for a traffic offense without a warrant. We need not, however, here decide whether the search of the automobile incident to that arrest alone was reasonable absent special circumstances. See Adair v. State, Tex.Cr.App., 427 S.W.2d 67, in which this writer and Judge Morrison dissented. There was in this case, however, a special circumstance. An "officer should be permitted to take every reasonable precaution

to safeguard his life in the process of making an arrest." State v. Riley, 240 Or. 521, 402 P.2d 741, 743 (1965).

■ If from the totality of circumstances presented to the officer he has a reason to believe that he is in danger of bodily harm or injury or that the person he encounters is armed or is dangerous, justification for search of weapons exists. See United States v. Washington, D.C., 249 F.Supp. 40 (N.D. Ill.1965); People v. Thomas, 31 Ill.2d 212, 201 N.E.2d 413, cert. den. 380 U.S. 936, 85 S.Ct. 948, 13 L.Ed.2d 824 (1965); Brinegar v. State, 97 Okl.Cr. 229, 262 P.2d 464 (1953); State v. Scanlon, 84 N.J.Super. 427, 202 A.2d 448 (1964); Elliott v. State, 173 Tenn. 203, 116 S.W.2d 1009 (1938).

Further, as stated by Mr. Justice Black in Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777, "The rule allowing contemporaneous searches is justified, for example by the need to seize these weapons and other things which might be used to assault an officer or effect an escape as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon is on the accused's person or under his immediate control."

■ To permit all general searches incident to a valid arrest to be justified on the theory that officers searching for weapons would be to allow a wholesale fishing expedition. United States v. Tate, D. C., 209 F.Supp. 762. However, we observe from the totality of the circumstances presented to Officer Grau, he had reasonable grounds to believe that he was in danger of injury under the circumstances and his search of the automobile and the individuals was clearly justified.

Further, in Taylor v. State, 421 S.W. 2d 403, 407, this Court recently said:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence. See Goodwin v. United States, 121 U.S.App.D.C. 9, 347 F.2d 793; Busby v. United States, 9 Cir., 296 F.2d 328; Riggins v. United States, D.C., 255 F.Supp. 777; United States v. Barnett, D.C., 258 F.Supp. 455; United States v. Clark, D.C., 247 F. Supp. 958."

Still further, we observe that the State introduced into evidence the Suspicious Persons Ordinance of the City of Dallas enacted pursuant to the provisions of Article 14.03, (214), Vernon's Ann.C.C.P. prior to its 1967 amendment. The facts described above authorized the arrests under such ordinance without a warrant. Denham v. State, Tex.Cr.App., 428 S.W.2d 814.

Under the circumstances here presented, it is clear that the search and seizure was clearly authorized.

■ In his second ground of error appellant contends that the evidence secured by virture of the search of the automobile was not sufficient to show that it was under the care, custody and control of the appellant. In light of the record before us and appellant's juxtaposition to the shotguns in the automobile, we find no merit in such contention, nor do we agree with appellant's attempted distinction of Barnes v. State, 161 Tex.Cr.R. 510, 278 S.W.2d 305, cert. den. 349 U.S. 919, 75 S.Ct. 658, 19 L.Ed. 1252. We overrule appellant's ground of error #2.

■ In his third ground of error, appellant contends that the testimony of Officer Grau concerning the conversation with Carry K. Pittman, who was deceased at the time of the trial, should have been excluded as hearsay. We observe that Of-

ficer Grau testified as to this conversation out of the jury's presence and only before the court on the issue of probable cause. This procedure follows the well established rule that hearsay testimony where there is a substantial basis for crediting the same is admissible to show probable cause for a search without a warrant. We further observe that there was no objection to such testimony and the appellant in fact further interrogated the officer on cross-examination as to the same conversation. After the court had determined the search and seizure was valid, such testimony was not again presented before the jury. Ground of error #3 is overruled.

The judgment is affirmed.