**Fernando SARABIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42110.**

Court of Criminal Appeals of Texas.

June 25, 1969.

Rehearing Denied Oct. 22, 1969.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Roland E. Dahlin, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for unlawfully carrying a pistol; the punishment, a fine of $200.

The grounds urged as error in appellant's brief are that:

"1. The Court erred in overruling Appellant's objections to the search of the automobile.

"2. The Court erred in admitting the pistol into evidence over Appellant's objection."

The testimony of Officer Jones pertaining to the matters complained about is as follows:

"Q Calling your attention to that date I will ask you if you had occasion to see Fernando Sarabia (appellant)?

"A I did.

"Q Is that the defendant in this case?

"A Yes.

"Q Where did you see him that day?

"A The first time I saw him on Navigation about the—oh, the 4500 block I suppose.

"Q What time of day or night was that?

"A Around 2:30 in the morning.

"Q What drew your attention to the defendant at that time?

"A Actually nothing at first when I saw him, it was the second time I saw him it was about the 4700 block of Harrisburg.

"Q Why were you in that particular area?

"A This was the period of time we were having quite a few rape cases and we had been staying in that area a week and a half.

"Q You say the 4700 block, what street?

"The Court: Don't repeat.

"The Witness: Harrisburg Boulevard the 4700 block.

"Q (By Mr. Dahlin) Then I asked the question what drew your attention to him?

"A The fact he was going in the opposite direction he was the first time. He passed a couple walking in the street and more or less looked at them. We were behind him following him, followed him down Harrisburg and turned north on Milby went down the block made a turn back to the right or the direction he just come from.

"Q When you made the turn coming back where was he in relation to the couple?

"A They were on Eastwood, he was on Milby was west of them approximately and turned back toward them.

"Q This location on Harrisburg was in Harris County, Texas?

"A Yes, sir.

"Q What time would it have been the second time?

"A About two forty-five.

"Q What did he do at that time?

"A Instead of turning back east he then turned back west on Preston and we followed him to the 3500 block where we stopped him.

"Q This location where you stopped him was that Harris County, Texas?

"A Yes.

"Q What did you do at that time?

"A Upon opening the door the first thing I noticed was a butcher knife on the floor board.

"Mr. Blaine: I object to what was found being no purpose to cause an arrest.

"The Court: Overruled.

"Mr. Blaine: May I take the officer on voir dire?

"The Court: What is the purpose, there is no jury.

"Mr. Blaine: May I have a running objection to the arrest?

"The Court: You may.

"Q (By Mr. Dahlin) Did you place this individual under arrest?

"A Yes.

"Q What if anything, did you find on his person?

"A Nothing on his person.

"Q Did you search his automobile?

"A I did.

"Q Did you find anything?

"Mr. Blaine: I have to object to the search and their fruits.

"The Court: Yes.

"Q (By Mr. Dahlin) What did you find?

"A After finding the butcher knife I found a spent hull for a twenty-two and searched further and found the pistol.

"Q Do you have that pistol with you today?

"A I do.

\* \* \* \* \* \*

"Q Is this the same pistol you found in the glove compartment?

"A It is.

"Mr. Dahlin: The State will offer this pistol as State's Exhibit No. 1.

"Mr. Blaine: The defendant would object to the introduction of the pistol in evidence as the fruits of an illegal arrest.

"The Court: Overruled.

"Mr. Blaine: Note my exception.

"The Court: It is admitted."

The appellant did not testify or offer any evidence in his behalf.

■ The facts and circumstances as shown by the testimony of Officer Jones were sufficient to authorize the arrest of the appellant without a warrant. Art. 14.03, Vernon's Ann.C.C.P.; Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Wimberly v. State, Tex.Civ.App., 434 S.W. 2d 857; Lewis v. State, Tex.Cr.App., 439 S.W.2d 351; Cox v. State, 442 S.W.2d 696; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; Sibron and Peters v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917.

■ The arrest of the appellant being valid, the search of the glove compartment of his car as incident to his arrest was authorized. Denham v. State, supra.

The admission of the pistol into evidence, under the record, was not error.

The judgment is affirmed.

ONION, Judge (dissenting).

While I join Judge Morrison in dissenting, I feel compelled to explain my reasons for doing so.

The sole witness in the case was Officer James Jones who testified that on March 8, 1968, he saw the appellant in the 4500 block of Navigation Boulevard at approximately 2:30 a. m.,; that about fifteen minutes later he observed appellant in the 4700 block of Harrisburg Boulevard going in the opposite direction; that the appellant "more or less looked" at a couple "walking in the street."

Jones related that he (and apparently another officer) followed the appellant down Harrisburg and then north on Milby; that appellant made a "turn back to the right or the direction he just came from"; that at the time appellant was on Milby and the couple was on Eastwood; that appellant then instead of "turning back east" "turned back west on Preston" and "we followed him to the 3500 block where we stopped him."

Officer Jones related that after stopping the appellant and upon opening the door

of appellant's car the first thing he noticed was a butcher knife; that a subsequent search of the car revealed a spent shell and a pistol in the glove compartment.

Officer Jones testified that appellant was alone at the time, that both Navigation and Harrisburg Boulevards are well travelled streets though were not being heavily travelled at the time in question; that prior to stopping the appellant he had not observed him violate any law.

Further, there is no evidence that the commission of any crime had been reported to the officer.

When asked why he was in that particular area Officer Jones answered:

"A. This was the period of time we were having quite a few rape cases and we had been staying in that area a week and a half."

Under these facts and circumstances, I cannot agree that the officer had probable cause to arrest without a warrant. The search incident to that arrest being illegal, the fruits thereof were inadmissible.

For these reasons, I must disagree with the majority. Further, I must call attention to the fact that authorities relied upon by the majority are simply not in point.

Article 14.03, V.A.C.C.P., provides as follows:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws. Amended by Acts 1967, 60th Leg., p. 1735, ch. 659, § 9, eff. Aug. 28, 1967."

Surely it cannot be said that the well travelled public roads here involved were suspicious places or that the circumstances *reasonably showed* that appellant was guilty of some felony or breach of the peace or had threatened or was about to commit some offense. Jones' attention was attract-

ed to appellant merely because he was going in the opposite direction that he had been going on a different street fifteen minutes earlier and that as a motorist, he "more or less looked" at a couple "walking in the street."

I find it difficult to believe that it was the intent of the legislature in amending Article 14.03, supra, in 1967, to authorize a search with no more cause than is here shown particularly in view of the constitutional prohibition against unreasonable searches and seizures. Fourth Amendment, United States Constitution; Art. I, Sec. 9, Texas Constitution.

This writer was the author of the opinions in Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Wimberly v. State, Tex. Cr.App., 434 S.W.2d 857, and Lewis v. State, Tex.Cr.App., 439 S.W.2d 351, relied upon by the majority. These cases are clearly distinguishable upon their facts. In addition to an entirely different set of circumstances, Denham and Wimberly also involved valid arrests for traffic offenses. Lewis involved an arrest shortly after the officer had received a robbery report and came upon men fitting the description in the area. Likewise, in Cox the arrest was effected only after the officers who had received a disturbance with a pistol call arrived in the area and found a man fitting the description given attempting to leave.

Nor can I conclude that if Officer Jones lacked probable cause for an arrest, his seizure and search of appellant and his automobile might have been justified at the outset if he had reasonable grounds to believe the appellant was armed and dangerous. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. As pointed out in Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, a police officer is not entitled to seize and search every person whom he sees on the street or of whom he makes inquiries. "Before he places a hand on the person of a citizen in search of anything, he must have constitutionally adequate, reasonable grounds for doing so. In the case of the self-protective search

for weapons, he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." Sibron v. New York, supra, 392 U.S. at p. 64, 88 S.Ct. at p. 1903, 20 L.Ed.2d at p. 935.

The testimony of Officer Jones reveals no such facts. Jones did not testify that he feared for his safety or that he suspected the appellant was armed or dangerous. Further, the nature and scope of the search was not that approved in Terry v. Ohio, supra, even if these circumstances had been present.

The opinion of the majority seems so fundamentally wrong that I must vigorously dissent.

MORRISON, Judge (dissenting).

I would reverse because of the absence of probable cause to authorize the search of the automobile and rely upon the reasoning of the Supreme Court of the United States in Sibron v. New York, 392 U.S. 40, 20 L.Ed.2d 917, 88 S.Ct. 1889.

I respectfully dissent.