Aubrey D. MORRISON, Appellant,

.v.

The STATE of Texas, Appellee.

No. 43504.

Court of Criminal Appeals of Texas.

March 10, 1971.

Rehearing Denied May 5, 1971.

———◆———

Richard W. Burns, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and James C. Larkin, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of heroin as a second offender; the punishment, thirty (30) years.

The sole question presented is the sufficiency of the evidence to support the conviction. Three officers testified on the motion to suppress, in the absence of the jury, that in reliance upon information received from a reliable and confidential informer, the appellant and one Arnold were at that moment engaged in selling heroin from a certain described automobile in a parking lot behind Montgomery Ward's store. They testified before the jury that, upon information they received, they proceeded to such location, in civilian clothes, in a borrowed automobile and attempted to stop the automobile driven by Arnold in which this appellant was seated on the passenger side of the front seat. As soon as they made themselves known, Arnold accelerated the automobile, collided with their automobile and other automobiles, but refused to stop until they reached the bayou, where the appellant and Arnold left the automobile in which they were riding and fled on foot. After being apprehended by the officers, they were returned to the abandoned automobile. During the flight, the third officer searched the abandoned automobile and found under the front seat, near the passenger side, a "brown paper sack containing a tinfoil package which contained 40 clear cellophane packages, each containing a light brown colored powder," which by the testimony of the police department chemist was shown to contain heroin.

Appellant did not testify in his own behalf, but re-called a police officer who testified about the information supplied by his informer.

Appellant relies upon several cases dealing with resisting arrest which are not in point. As stated, the sole question is whether the evidence is sufficient to support the jury verdict that appellant had joint possession with Arnold of the heroin, which was found under the seat while the two were fleeing from the officers.

We find the evidence sufficient to support the conviction. Barnes v. State, 161 Tex.Cr.R. 510, 278 S.W.2d 305.

Finding no reversible error, the judgment is affirmed.