Anthony Johnnie **BIAMONTE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45915.

Court of Criminal Appeals of Texas.

March 21, 1973.

Rehearing Denied April 18, 1973.

Richard Haynes, Michael Ramsey and Robert B. Wallis, of Haynes & Fullenweider, Houston, for appellant.

Carol Vance, Dist. Atty., and James C. Brough and John Holmes, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of a bomb; the punishment, six (6) years, probated.

Appellant's sole contention relates to the trial court's failure to quash the indictment. Appellant contends that the indictment failed to specify the explosive ingredient of the bomb and thereby failed to notify him of the nature of the charge against him.

The portion of the indictment pertinent to this appeal alleges the appellant:

". . . did unlawfully, willfully and intentionally manufacture, transport, possess, control, deposit, attach and combine a bomb and its parts, to-wit: an inflammable, explosive and combustible substance in a container susceptible of being exploded upon the ordinary use of an electrical light fixture when coming in contact with heat, fire, mechanical contrivance, chemical process, and electrical reaction which did ignite, detonate, and dissemble causing injury and harm to a person, to-wit, Ronnie Leon Martin, and property damage, with resulting mayhem, to-wit, disfigurement by scarring for the unlawful purpose of commiting the crimes of murder, arson, mayhem, intimidation, and for forcing others to obey his will."

Appellant relies on Roach v. State, 159 Tex.Cr.R. 157, 261 S.W.2d 847. In Roach, supra, the court found the indictment insufficient and ordered the prosecution dismissed because of the absence of any allegation specifying the kind, type and nature of the bomb the accused was alleged to have possessed.[1] In Roach, supra, the Court stated:

"In the case at bar, the State was required to prove that the accused possessed a bomb and that such bomb came within one of the six enumerated categories set forth in the statute, some of which it will be noted are not explosives. The allegations in the indictment should have shown in which category the proof will fall."

Section 1 of Article 1723, Vernon's Ann. P.C., reads in part as follows:

"The term 'bomb,' as used in this Act means:

"(a) Any explosive, inflammable or combustible substance controlled in any form of container whatsoever whereby the same is susceptible of being set off or exploded, or which automatically explodes when coming in contact with heat, fire, mechanical contrivance or chemical process or which will ignite, detonate or dissemble in any manner so as to cause injury or harm to any person, animal or plant life, or which will damage property in any manner."

The indictment in the case at bar clearly falls within the above quoted Subsection 1 (a), and, we conclude, sufficiently charges an offense under Article 1723, supra. Roach v. State, 160 Tex.Cr.R. 347, 269 S.W. 2d 379.

Finding no reversible error, the judgment is affirmed.

1. The indictment, omitting the formal parts, reads:
  "Glenn Roach did, then and there unlawully possess and have in his control a bomb; against the peace and dignity of the State."