**Ruben MEDINA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46105.**

Court of Criminal Appeals of Texas.

April 18, 1973.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and John Holmes, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from a conviction of unlawful possession of marihuana. Punishment was assessed by the court at two years following a jury verdict of guilty.

The State's evidence reflects that at about 1:00 p. m. on January 3, 1971, R. C. Horn of the Houston Police Department, while on regular patrol duty, had occasion to notice a car proceeding ahead of him with its muffler torn loose from the tail pipe, hanging loose from the bottom of the car, and dragging. His attention was called to this by the loud, excessive noise caused by this damaged muffler. Three persons were in the car, a male driver and a female passenger on the front seat, and appellant on the back seat. As Horn got alongside the car to stop it, he noticed the woman passenger, dressed in skin tight pants, start pushing something down the front of her pants, which caused a bulge. Horn caused the car to stop, got out of his police car, and went to the driver's side and asked for the driver's license. The operator of the car had none. Horn, fearing that it was a weapon that the woman had

pushed down her pants, went to her side of the car and started talking to her. He then noticed appellant take a small match box that was lying on the back seat by his leg, cover it with his hand, and slide it down between the car seat and the back of the car. Horn, by virtue of his experience as a peace officer, knew that a match box was customarily used as a container for small amounts of marihuana. He next called for another police car, and upon its arrival he had the occupants get out of the car. He removed the back seat and found two match boxes containing what he thought to be marihuana. Proper custody was shown and a qualified chemist testified the substance in the match boxes was marihuana, a narcotic drug.

After the match boxes were found, the woman passenger took from under her pants three syringes and handed them to the officers and the three occupants of the car were taken to the police station.

Appellant contends in three grounds of error that there was no probable cause upon which to base the search of the car, and that the marihuana discovered there was illegally seized and should have been suppressed as evidence. He says that it was not conclusively shown that the muffler was defective and, hence, there was no probable cause for the arrest; that the suspicious actions of the woman passenger were insufficient probable cause; and that the evidence shows that it was the intent of the officer from the start to make a general exploratory search of the car.

In Wimberly v. State, Tex.Cr.App., 434 S.W.2d 857, a robbery case, the officer stopped a car for having an extremely loud muffler. The driver had no driver's license. Two men occupied the front seat, and defendant was in the back. The two in the front got out of the car and the officer became apprehensive for his safety by reason of their actions and called for a back-up car to assist him. When this car arrived, appellant was ordered out of the car. One of the men told the police the other two were ex-convicts and a search of the car produced two loaded guns which were introduced in evidence at the trial over objections of no probable cause and illegal arrest.

This Court, speaking through Judge Onion, said:

"We find no merit in appellant's contention for several reasons. There is no question but what Officer Grau made a valid arrest for a traffic offense without a warrant. We need not, however, here decide whether the search of the automobile incident to that arrest alone was reasonable absent special circumstances. See Adair v. State, Tex.Cr.App., 427 S.W.2d 67, in which this writer and Judge Morrison dissented. There was in this case, however, a special circumstance. An 'officer should be permitted to take every reasonable precaution to safeguard his life in the process of making an arrest.' State v. Riley, 240 Or. 521, 402 P.2d 741, 743 (1965).

\* \* \* \* \* \*

"Further, in Taylor v. State, Tex.Cr.App., 421 S.W.2d 403, 407, this Court recently said:

'Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and incident thereto conduct an additional search for physical evidence. See Goodwin v. United States, 121 U.S. App.D.C. 9, 347 F.2d 793; Busby v. United States, 9 Cir., 296 F.2d 328; Riggins v. United States, D.C., 255 F. Supp. 777; United States v. Barnett, D.C., 258 F.Supp. 455; United States v. Clark, D.C., 247 F.Supp. 958.' "

It is not necessary, under the facts of this case, to justify the search of the car entirely upon the stated belief and resulting fear of Officer Horn that the woman was concealing a weapon on her person. Wimberly, supra. Having the right to stop the car for the traffic violation, he had the right to speak to the woman concerning her suspicious actions in concealing some object under the waistband of her pants. While doing this, he saw appellant attempting to cover a match box with his hands while he shoved it across and behind the seat of the car. From all of the circumstances, the officer had probable cause to believe that a more serious offense was being committed in his presence than a traffic offense. The search of the car and arrest of appellant were clearly authorized. Pace v. State, Tex.Cr.App., 461 S.W.2d 409; Aldridge v. State, Tex.Cr.App., 482 S.W.2d 171.

Appellant's grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.