UNITED STATES of America,
Plaintiff,

v.

Samuel Conway RHEA, Walter Lee
Roberts, Defendants.

Cr. A. No. 5765.

United States District Court
W. D. Arkansas.
Fort Smith Division.

Nov. 22, 1961.

Charles W. Atkinson, U. S. Atty., James Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., for plaintiff.

Bradley D. Jesson of Hardin, Barton & Hardin, Ft. Smith, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

On November 17, 1961, Mr. Bradley D. Jesson, a competent and reputable attorney of the Bar of this Court, was appointed by the court to represent the defendants in the above-entitled cause. The defendants, after conference with Mr. Jesson, waived the return of an indictment and consented that an information be filed, which was done. After the filing of the information, the defendants, through their attorney, moved that arraignment be postponed in order that they might challenge the sufficiency of the information to charge an offense. On November 21 the defendants filed their

motion to dismiss the information and alleged that "the information does not state facts sufficient to constitute an offense against the United States." Contemporaneously with the filing of the motion, Mr. Jesson submitted to the court a memorandum in support thereof, which memorandum and the authorities therein cited have been considered, and the motion is now ready for determination.

The information charges that the defendants "with unlawful and fraudulent intent, did transport in interstate commerce from Tumwater, Washington, to Fort Smith, Arkansas, a stolen credit card, to-wit: Texaco National Credit Card, Number 72 436 3445 3, issued to Walter C. Jacobs, 417 F Street, Tumwater, Washington, which had been used and intended to be used in the falsely making, forging and altering of a credit purchase in the amount of $31.50 at the Womack Texaco Station, 2015 Rogers Avenue, Fort Smith, Arkansas, to Walter C. Jacobs, 417 F street, Tumwater, Washington, signed Walter C. Jacobs, by the said Samuel Conway Rhea and Walter Lee Roberts, knowing the same to have been fraudulently and falsely made, in violation of 18 U.S.C. 2314."

It will be observed that the information is based upon the third paragraph of 18 U.S.C. § 2314, which reads as follows:

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce, any tool, implement, or thing used or fitted to be used in falsely making, forging, altering, or counterfeiting any security, or any part thereof * * * shall be fined not more than $10,000 or imprisonment of not more than ten years, or both."

The "thing" that is charged to have been transported in interstate commerce is the credit card described in the information, and it is charged that the "thing" was "used or fitted to be used in falsely making, forging, altering, or counterfeiting any security or any part thereof." The primary question raised by the motion to dismiss is that the "thing" was not used or fitted to be used in falsely

making or forging "any security." It is charged that the "thing" was used in falsely making or forging a "credit purchase" or a document showing the purchase of merchandise in the amount of $31.50 at the Womack Texaco Station in Fort Smith, Arkansas, and, after the credit purchase slip had been issued evidencing the purchase and delivery of the merchandise, that the defendants forged the name of Walter C. Jacobs on the credit purchase slip.

In the fifth paragraph of 18 U.S.C. § 2311, it is provided that "securities includes any * * * evidence of indebtedness * * * or writing evidencing ownership of goods, wares and merchandise, or transferring or assigning any right, title or interest in or to goods, wares, and merchandise * * *."

The defendants in their memorandum in support of their motion cite the applicable statutes and the cases of United States v. Jones, D.C.W.D.Mo., W.D., 1960, 182 F.Supp. 146; and Williams v. United States of America, D.C.S.D.Cal., C.D., 1961, 192 F.Supp. 97.

I have studied the decisions and statutes cited by defendants and, while it seems to be the law that the mere transportation in interstate commerce of a stolen credit card is not in itself a violation of the statute, but when the credit card is transported with unlawful and fraudulent intent to use it in falsely making, forging, altering or counterfeiting an evidence of indebtedness or a document or writing evidencing ownership of goods, wares and merchandise or evidencing the transfer or assignment of any right, title or interest in or to goods, wares and merchandise, it does constitute a violation of the law.

The statute does not specifically mention a credit card, but a credit card is a "thing" fitted to be used in falsely making a credit purchase and obtaining the issuance of "evidence of indebtedness." Certainly a purchase slip issued by the use of a credit card and duly executed by the person to whom the credit card was issued constitutes valid evidence

of an indebtedness by the person to whom issued to the issuer of the credit card, and when the credit card, "thing", is used in the issuance of such evidence of indebtedness or as an assignment of the right, title or interest in the merchandise purchased, such transportation and use of the "thing" has resulted in the issuance of a document within the definition of "securities" as contained in 18 U.S.C. § 2311.

Therefore, the court is of the opinion that the information charges the defendants with a violation of 18 U.S.C. § 2314, and the motion of defendants should be overruled.

An order in accordance with the above is being entered today.