**Richard INGLING, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17596.**

United States Court of Appeals
Ninth Circuit.

May 21, 1962.

Russell R. Pratt, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst., Chief Crim. Div., Wm. Bryan Osborne, Asst. U. S. Atty., Chief Crim. Div., Jo Ann Dunne, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, HAMLEY and BROWNING, Circuit Judges.

PER CURIAM.

Appellant pleaded guilty to three counts of an indictment charging him with causing to be transported in interstate commerce a forged security in violation of 18 U.S.C.A. §§ 2314 & 2311.

Judgment of conviction and sentence to a term of imprisonment were entered. He now seeks relief from such judgment of imprisonment by petition under 28 U.S.C.A. § 2255.

Appellant asserts that the indictment charging him with transportation of a forged security, to which charge he pleaded guilty, fails to charge a public offense, and hence the trial court was without jurisdiction to impose the sentence he is now serving. The pertinent part of the indictment reads:

> " * * * defendant * * * with unlawful and fraudulent intent, caused to be transported a Phillips Petroleum Company charge invoice * * * in interstate commerce * * * which charge invoice was falsely made and forged, as the defendant then and there well knew."

The statute under which the indictment was brought reads in part:

> "Whoever, with unlawful or fraudulent intent, transports in interstate * * * commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited; * * * [s]hall be fined not more than $10,000 or imprisoned not more than ten years, or both." 18 U.S. C.A. § 2314.

Congress has undertaken to define what constitutes a security, and in 18 U.S.C.A. § 2311 we find one of the definitions to be, "any * * * evidence of indebtedness * * * or, in general, any instrument commonly known as a 'security,' * * *".

█ Hence, if it can reasonably be said that under certain circumstances the charge invoice was an evidence of indebtedness, then the indictment charged a public offense. It may be that the charge invoice was stamped with an endorsement that all the conditions of the credit card were incorporated therein; or that within the terms of the charge invoice there is stated a credit agreement and terms; or that the invoice contains

therein an underlying credit agreement, expressly or impliedly; or that by the treatment accorded it by the parties, the invoice became an "evidence of indebtedness" in some commercial sense.

■ If the charge invoice contained no element which would constitute it an evidence of indebtedness, then the burden of establishing this fact was on the petitioner in this proceeding. The charge invoice is not before us, nor is there other evidence from which we can determine its character. Appellant has failed to meet his burden in any respect and as a result his petition is denied.

A similar situation to that found in the instant petition was recently decided by the 10th Circuit with the same result in the case of Lewis v. United States, 301 F.2d 787. The judgment of the trial court in denying the petition is affirmed.