**UNITED STATES of America**
v.
**Robert Eugene BARNETT.**
**Crim. No. 13679.**

United States District Court
M. D. Tennessee,
Nashville Division.
June 29, 1965.

James F. Neal, U. S. Atty., Nashville, Tenn., for plaintiff.

Robert Eugene Barnett, pro se.

## MEMORANDUM

WILLIAM E. MILLER, Chief Judge.

In an indictment filed October 9, 1964 defendant Barnett was charged with the interstate transportation of a stolen Diners Club Credit Card described as a stolen security the interstate transportation of which is prohibited by 18 U.S. C.A., Sec. 2314. The indictment was dismissed (Nashville Criminal No. 13,- 656) upon motion of the United States Attorney on the ground that it did not state an offense against the United States.

In an information filed November 10, 1964 defendant was charged with the interstate transportation of a stolen Diners Club Credit Card described as a "thing fitted to be used in falsely making and forging evidences of indebtedness" the interstate transportation of which is prohibited by 18 U.S.C.A., Sec. 2314. Represented by court-appointed counsel, defendant entered a plea of guilty and was sentenced to five years confinement, such sentence to be concurrent with the sentence defendant was serving in the State of Iowa when paroled in 1964 and also to be concurrent with any additional sentence he might receive by reason of the parole violation. Defendant was delivered to the Iowa State Penitentiary at Fort Madison, Iowa where he is presently incarcerated.

Defendant has written the Court a letter which the Court has construed to be and has instructed the Clerk to file as a motion to vacate sentence under 28 U.S.C.A., Sec. 2255 on the ground that the information failed to state an offense against the United States.

Upon request of the Court, the United States Attorney has prepared and filed a brief opposing the relief sought. After having given careful consideration to the authorities cited and the arguments advanced therein, the Court is of the opinion that the motion should be granted. In reaching this conclusion the Court declines to follow, for reasons which will be set out below, decisions by the Courts of Appeal of the Ninth and Tenth Circuits denying Section 2255 relief under similar circumstances. Ingling v. United States, 303 F.2d 302 (9th Cir. 1962); Lewis v. United States, 301 F.2d 787 (10th Cir. 1962).

The basic premise upon which the government has proceeded in charging an offense against the United States in this and other cases involving the unauthorized use of credit cards is that the sales slip produced in the credit card transaction is a "security" as that term has been applied by Congress in 18 U.S. C.A., Sec. 2314. That section, a portion of the National Stolen Property Act, provides in pertinent part as follows:

"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce, any tool, implement, or thing used or fitted to be used in falsely making, forging, altering, or counterfeiting any security, or tax stamps, or any part thereof—

"Shall be fined not more than $10,- 000 or imprisoned not more than ten years, or both."

"Security" is defined in Section 2311 in terms pertinent to this action as follows:

" 'Securities' includes any note, stock certificate, bond, debenture, check, draft, warrant, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness * * * or, in general, any instrument commonly known as a 'security' * * *."

The reported decisions dealing with the merits of the proposition that credit card sales slips are Section 2314 securities are of recent origin, the first being decided in March of 1960. In that case the Chief Judge of the Western District of Missouri recognized, as does this Court, the compelling reasons for finding a federal offense in the unauthorized use of credit cards but nevertheless held that the sales slips do not qualify as securities as that term is defined in Section 2311 and applied in Section 2314.

United States v. Jones, 182 F.Supp. 146 (W.D.Mo.1960). The Court reasoned that the credit card is merely a means of credit identification and the sales slip merely a record of the sale made in reliance upon it. Id. at 149.

In March of the following year one of the judges of the Southern District of California also concluded that sales slips are not securities within the meaning of Sections 2311 and 2314 being merely vouchers acknowledging receipt of purchased merchandise. United States v. Fordyce, 192 F.Supp. 93 (S.D. Cal.1961). The Court noted that all-purpose credit cards honored by many merchants were hardly known at the time the statute was reenacted in 1948. Id. at 96.

Very shortly thereafter, however, another judge of the same district reached the contrary conclusion on the strength of the Section 2311 phrase "evidence of indebtedness", emphasizing that the sales slip is the only evidence of indebtedness which the seller has to show that a debt is due him. Williams v. United States, 192 F.Supp. 97 (S.D.Cal. 1961). The Court pointed out that at least two other district judges in unreported decisions had instructed juries to the effect that the sales slips were securities. Id. at 99.

In November 1961 the Chief Judge of the Western District of Arkansas also held that the sales slips are securities, stating that they constitute "valid evidence of indebtedness by the person to whom issued to the issuer of the credit card". United States v. Rhea, 199 F. Supp. 301, 302–303 (W.D.Ark.1961).

▌ Against the background of this even split in the reported decisions dealing with the merits of the proposition that credit card sales slips are securities, the Tenth Circuit Court of Appeals in Lewis v. United States, supra, considered an application for Section 2255 relief from a defendant who had pled guilty to a charge of violating Section 2314 which involved the unauthorized use of a credit card. The Court could not consider the merits of whether the sales slip of the particular credit card system constituted a security since it was limited on the Section 2255 motion to the single, narrow question of whether the language of the information by any reasonable construction stated the offense charged. The information described the credit card as a " 'tool, and thing fabricated from plastic and having raised letters for use in connection with a credit card machine by which an impression is mechanically applied to a form of invoice, an evidence of indebtedness and security * * *.' " A divided court decided to deny relief on the ground that under the existing status of authority, invoices—the term used to describe the sales slips—were not legally incapable of being Section 2314 securities. The dissenting judge did not disagree with the majority on this basic proposition, i.e., a credit card sales slip might be a security, but argued that the information charging a 2314 offense must set out the facts with greater particularity. He concluded with the following statement which in the opinion of the Court is today the correct approach to the attempted application of Section 2314 to credit card offenses:

> "When sustained by the facts, § 2314 may well be used in credit card cases but there must be some allegation to bring the instrument made by the credit card within the definition of security." Breitenstein, J., dissenting 301 F.2d at 791.

Decided in March of 1962, Lewis was cited and followed in May of that year by the Ninth Circuit in a per curiam. Ingling v. United States, supra.

In the three years which have lapsed since *Lewis* and *Ingling* there has been a significant change in the status of authority with respect to the merits of the basic sales slip premise. There have been reported decisions on the merits by two courts of appeal and four district courts, all of which—with the exception of one district court decision—have been to the effect that credit card sales slips are not 2314 securities. If not over-

turned, the efficacy of the maverick district court decision has been substantially diluted by the subsequent decision of the appellate court of its circuit. Merrill v. United States, 338 F.2d 763 (5th Cir. 1964); Barack v. United States, 317 F.2d 619 (9th Cir. 1963); United States v. Malone, 231 F.Supp. 174 (S.D.Texas 1964); United States v. Crouch, 224 F.Supp. 969 (Del.1963); United States v. Young, 210 F.Supp. 640 (W.D.Mo.1962). Contra: United States v. Mingo, 217 F.Supp. 729 (M.D. Fla.1963).

 Although the Ninth Circuit in Barack v. United States, supra, grounded its decision on specific language appearing upon the sales slip of the credit card system before it, the Court is of the opinion that a careful reading of all of the other reported decisions, which deal with ten different credit card systems, indicates that no significant factual distinctions between the various systems have been developed. Where district courts have reached the conclusion that sales slips are securities they have done so on the basis of a different interpretation and application of Sections 2311 and 2314 to essentially the same facts. The majority in *Lewis* noted 301 F.2d at 790:

"While these cases may be susceptible of some nice factual distinctions, it seems fair to say that the reasoning equally divides them on the question of whether, in each instance, the product of the credit cards were 'evidence of indebtedness' and hence 'securities.'"

The Court concludes, therefore, that the effect of these later decisions is to clearly establish a general rule that as a matter of law the unauthorized use of credit cards is not an offense against the United States under 18 U.S.C.A., Sec. 2314. Accordingly, an indictment or information alleging merely that a stolen credit card has been transported in interstate commerce cannot reasonably be said to state an offense under Section 2314. Language to the effect that such a card is a thing used in forging securities, etc., is of no effect in testing the sufficiency of the pleading since it is a legal conclusion.

The Court notes that there has been a decision on the merits that the particular sales slip in question in this action— a Diners Club Credit Card sales slip—is not a security. United States v. Fordyce, supra.[1]

Accordingly an order will be submitted vacating the judgment of conviction and sentence against the defendant entered November 10, 1964, and vacating and withdrawing the detainer against the defendant heretofore lodged with the State of Iowa.

[1] In addition, the following credit card sales slips have also been held not to be Section 2314 securities:

| Credit Card | Reported Decision |
| --- | --- |
| Shell Oil | Merrill |
| Hilton Carte Blanche | Barack; Fordyce |
| Humble Oil & Refining | Malone |
| Atlantic Refining | Crouch |
| Mobil Oil | Young |
| Esso | Young |
| Montgomery Ward | Jones |