347 F.2d 793
 121 U.S.App.D.C. 9
 Paul A. GOODWIN, Appellant
v.
UNITED STATES of America, Appellee.
Willie M. VAUGHN, Appellant,
v.
UNITED STATES of America, Appellee.
Arthur L. WILLIAMS, Appellant,
v.
UNITED STATES of America, Appellee.
Paul E. VAUGHN, Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 19000-19003.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 6, 1965.
Decided May 20, 1965, Petition for Rehearing Denied June 29,
1965, CertiorariDenied Oct. 11, 1965, See 86 S.Ct.
107.
 
 Mr. Melvin M. Burton, Jr., Washington, D.C. (appointed by the District Court), for all appellants.
 Mr. John R. Kramer, Asst. U.S. Atty., with whom Messrs. David C. Acheson, U.S. Atty., and Frank Q. Nebeker and Joseph A. Lowther, Asst. U.S. Attys., were on the brief, for appellee. Mr. Jerome Nelson, Asst. U.S. Atty., also entered an appearance for appellee.
 Before BAZELON, Chief Judge, and EDGERTON and WILBUR K. MILLER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Shortly before 8:00 p.m. March 26, 1964, three men entered the grocery in northeast Washington operated by Hyman Cohen. One held Cohen at gunpoint while the other two took from the cash register about $300 which they stuffed into a 'Sealtest' bag, already containing rolls of pennies, which they found under the counter. They also took a check for $10.00 and a carton of Camel cigarettes and then departed, threatening to return and kill Cohen if he called the police. The robbers were in the store about fifteen minutes.
 
 
 2
 At approximately 8:00 p.m., about a block and a half from Cohen's store, an off-duty policeman noticed an automobile, occupied by four men, traveling at a high rate of speed away from the vicinity of the robbery. The car bore District of Columbia license tags No. RT-324.
 
 
 3
 An hour later, in another section of the city, a policeman in a scout car saw an automobile occupied by four men being operated at excessive speed. The car bore District of Columbia license tags No. RT-324. He followed and halted the car, then asked the driver for his permit and registration. The driver said he had no permit and asked one of the men in the rear seat for the registration card. In reaching into his pocket, the latter disturbed a raincoat which was on the rear seat beside him so that a pistol beneath it was revealed. Upon seeing the weapon, the officer ordered the occupants out of the car and arrested them. A search of the car was immediately made, in the course of which the officer found a 'Sealtest' bag containing currency and coins, a carton of Camel cigarettes, twenty rolls of pennies and a $10.00 check. The occupants of the car were the four appellants.
 
 
 4
 Indicted in three counts for (1) housebreaking, (2) robbery, and (3) carrying a dangerous weapon, the appellants were tried and found guilty under the first two counts. The third count was dismissed as to all except Goodwin, who had pointed the pistol at Cohen; he was found guilty on that count also.
 
 
 5
 Police officers testified that at line-ups Cohen pointed out his assailants and in his testimony at the trial Cohen unequivocally identified the appellants Goodwin, Williams and Willie M. Vaughn as the three men who had robbed himOn appeal three theories are advanced: that the search of the automobile was unlawful; that the admission of evidence relative to extrajudicial identification was reversible error; and that a verdict of acquittal should have been directed.
 
 
 6
 As to the three appellants shown by the Government's proof to have actively participated in the robbery, these contentions need not detain us long. Under the circumstances related, the search of the car was proper. If the evidence of extrajudicial identification was erroneously admitted-- which we do not decide-- the error was harmless because of Cohen's positive identification of the three robbers in his testimony at the trial. The argument that the three were entitled to directed acquittals is patently frivolous.
 
 
 7
 As to the appellant, Paul E. Vaughn, the situation is different. He was not shown to have been in the store during the robbery, or in the automobile at the time it apparently was awaiting the three active robbers. Although the officer who saw the car speeding away within minutes after the crime said it contained four colored males, he did not attempt to identify any of them.
 
 
 8
 Paul Vaughn, the only appellant who testified, denied any participation in the crime. He was not identified by anyone. After some hesitation, the trial judge decided to submit his case to the jury on the idea that, being in the car when the officer stopped it, he was in possession of the recently stolen articles found therein.
 
 
 9
 It is true that about an hour after the robbery in another part of the city, Paul Vaughn was with the other three appellants in the same automobile the other officer had seen speeding away from a point near the scene of the crime. But, in view of his denial of guilt,[1] that was not enough to justify the conclusion beyond a reasonable doubt that he had been the look-out man. Nor was Paul's presence in the car at the time of the arrests sufficient, we think, to show that he was in possession of the recently stolen articles here involved. As to him, the judgment must be set aside.
 
 
 10
 Nos. 19,000, 19,001 and 19,002 affirmed. No. 19,003 reversed.
 
 
 
 [1]
 Chief Judge Bazelon thinks it is not relevant that Vaughn testified in his own behalf, since no inference could be drawn from a failure to testify