Richard Arland TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 40336.

Court of Criminal Appeals of Texas.

June 14, 1967.

Rehearing Denied Oct. 25, 1967.

Second Rehearing Denied Dec. 20, 1967.

Ray & Kirkpatrick, by C. L. Ray, Jr., Marshall, for appellant.

Charles A. Allen, Dist. Atty., Marshall, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of marihuana; the punishment, 10 years.

Trial was before a jury under the 1965 Code of Criminal Procedure.

Appellant declined to enter a plea and the court entered the plea of not guilty for him.

The question which controls the disposition of this appeal is the legality of the search of the automobile appellant was driving and the seizure of marihuana cigarettes, bulk marihuana and cigarette butts found in a coffee can in the trunk.

This search was made at the courthouse immediately after appellant and the other occupant of the car were taken upstairs.

The State Highway Patrolman who drove the car from Waskom, where there was a magistrate, examined and searched the front part of the car before he obtained the keys from appellant and opened the trunk. He closed the trunk and retained the keys until he re-opened the trunk at the county seat and discovered the marihuana.

The search of the automobile at Waskom, as well as the search and seizure at the courthouse, is attacked as unreasonable and illegal.

The facts relating to the examination and search of the car at Waskom, which appellant contends are insufficient to justify the search as incident to the arrest or as reasonable under Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, are these:

Appellant was driving an automobile having California license plates. He was stopped by Texas Highway Patrolmen about eight miles from Marshall, the County Seat, for the traffic offense of passing in a "no passing" zone. He was asked for his driver's license and said he had none. He was asked if he had other identification or anything with his name on it and he said he did not, and gave as reason that he had been robbed in El Paso (more than 750 miles away).

The automobile was not searched or examined at the scene. There were some clothes hanging in the car and the officers were not aware of the fact that there was a passenger in the back seat.

The Patrolman told appellant that he would be filed on and he was directed to follow the patrol car to the magistrate's office.

When one of the patrolmen went into the office to wait for the magistrate the other went to appellant's car, the reason given being: "Well, he didn't have any identification who he was, didn't have any identification to show the car belonged to him, and we suspected that it was stolen."

He looked in the car "to see if there was anything there that might have a name or identification in it" and saw a canvas bag on the front floorboard. He opened the car door and, as he was opening the bag, a man who "seemed to be groggy, somewhere near the state of intoxication

* * * raised up out of the back seat." Upon seeing that the bag contained "Rolls of money, stacks of money," the officer drew his pistol, ordered the man out of the car and handcuffed him. He then "flipped the lid off of a box" on the rear floorboard and uncovered two pistols, a .38 caliber revolver and a .32 caliber automatic.

The car keys were obtained by the officer from appellant. He opened the trunk before driving the car to the courthouse where appellant and his companion were taken in other cars.

Relying upon Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, appellant contends that the examination and search of the car after appellant had been permitted to drive it to the magistrate's office was not a search as an incident to appellant's arrest for passing in a no passing zone, because a search at another time and place is simply not incident to the arrest.

■ We are not disposed to extend the rule announced in Preston v. United States, supra, to prohibit an inspection of an automobile after the driver has been permitted to drive it a few miles to a magistrate's office in cases where the driver has no license or identification and gives an unreasonable explanation therefor.

■ Aided by the more recent opinion of the Supreme Court in Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730, we are convinced that the search of the car at the magistrate's office, to where it was driven by appellant, and the continuing search at the courthouse were justified as incident to the arrest of the driver who had no license, registration or identification and who accounted for this by claiming that he had been robbed in El Paso, more than 750 miles away, and also by the Texas Statute, Art. 18.22 Vernon's Ann.C.C.P. which makes it the duty of officers to prevent the consequences of theft by seizing personal property which they

have reasonable ground to suspect was stolen.

As pointed out by the Supreme Court in Cooper v. State of California, supra, and in Preston v. United States, supra, the question there decided was not whether the search was authorized by state law, but whether the search was reasonable under the Fourth Amendment. Both opinions make it clear that whether a search is reasonable depends upon the facts and circumstances of each case.

Though the legality of the search on probable cause may not be determined from its fruits or after-acquired facts, it is interesting to note that the investigation of which the inspection of the car was an integral part disclosed: (1) that the car being driven by appellant did not belong to him; (2) that appellant gave his name as James Dewayne Waade, while his true name is Richard Arland Taylor; (3) the man who raised up out of the back seat gave his name as Rod Carlton Lawrence, which was fictitious; (4) the car was not a stolen car but the money in the canvas bag had been obtained in the robbery of a bank.

Unlike Preston, supra, the car was not taken into custody to keep it for the driver or whomever he sent for it, but to prevent the consequences of theft.

Also, as pointed out by the Supreme Court in the cases cited, the relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable.

This test is in effect the same as that required under Art. 18.22 C.C.P. of the Texas Statutes to justify the seizure of stolen property—there must be reasonable grounds to suppose the property to be stolen.

Under the facts and circumstances of this case, we conclude that the evidence obtained as the result of the search of the car was lawfully obtained and the trial court did not err in overruling appellant's motion to suppress and exclude it.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

In a scholarly presented motion and brief, appellant's able court-appointed counsel vigorously challenges the conclusion reached in our original opinion as to the reasonableness of the "second" warrantless search at Marshall of the automobile involved without appellant's consent.

The Fourth Amendment is enforceable against the States through the Fourteenth Amendment and renders inadmissible in a State court evidence seized in violation of its provisions. Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; See Article 38.23, Vernon's Ann.C.C.P.

The relevant test, in cases like that at bar, is whether the search was reasonable under all of the circumstances, for it is only unreasonable searches that are prohibited by the Fourth Amendment. Carroll v. United States, 267 U.S. 132, 45 S. Ct. 280, 69 L.Ed. 543; and that which is reasonable cannot be determined by a fixed formula; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, nor can it be stated in rigid and absolute terms. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. In short, whether a search and seizure is reasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case. Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730.

Applied literally, the decision in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, would seem, at first blush, to render inadmissible the fruits of the search in question. In dealing with the search of an automobile in Preston, the United States Supreme Court said, "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the

arrest." In Preston, the Supreme Court did not hold a search without a warrant can be reasonable only if it is made as incident to an arrest. It pointed out that there the search was sought to be sustained solely upon that basis and that the effort failed because (1) the offense for which the defendant was arrested in Preston was vagrancy and since there could not be an instrument, fruit, or evidence of that offense in the vehicle, there could not be a search upon that premise, and (2) insofar as the protection of the arresting officers and prevention of an escape are concerned, there was no need for a search long after the defendant was jailed.

For these reasons it would not appear the search at Marshall (when the officers found the marihuana) can be justified as incident to the arrest for traffic offenses.

This does not mean, however, that the search at Marshall was unreasonable. The arrest for the traffic offenses was valid, and was merely the beginning of the unraveling of the legal ball of twine.

■ Appellant contends that the arresting officers had appellant under illegal arrest when they required him to follow them from the place of arrest to the office of the Justice of the Peace in Waskom. He urges that he should have been issued a notice to appear as authorized by Article 6701d, Section 148, V.A.R.C.S., instead of being taken before a magistrate. He overlooks two important acts. Section 148, supra, is mandatory upon peace officers only in cases where the person is apprehended for the offense of speeding and gives his written promise to appear. It expressly does not apply, even in speeding cases, where the vehicle is licensed in a state or country other than Texas, nor would it be mandatory where the offense is driving a motor vehicle without a license. Article 6687b, Section 13, V.A.R.C.S. It should be recalled that appellant was driving a vehicle licensed in California when he was apprehended, not for speeding, but for passing in a "no passing" zone. He was unable to produce a driver's license or identification papers.

The surrounding circumstances fully described in our original opinion justified the arresting officer, upon arrival in Waskom, in suspecting that he was dealing with a situation more serious than a routine traffic offense and he had reasonable grounds for believing that the automobile might be stolen. There is nothing in the record to indicate that the officers suspected the presence of any narcotics. Considering the situation which confronted the officer, his attempt to determine whether the car was stolen was not unreasonable or violative of the Fourth Amendment. See United States v. Owens, 346 F.2d 329, cert. denied, 382 U.S. 878, 86 S.Ct. 163, 15 L.Ed.2d 119 (1965).

■ Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence. See Goodwin v. United States, 121 U.S.App.D.C. 9, 347 F.2d 793; Busby v. United States, 9 Cir., 296 F.2d 328; Riggins v. United States, D.C., 255 F.Supp. 777; United States v. Barnett, D.C., 258 F.Supp. 455; United States v. Clark, D.C., 247 F.Supp. 958. Under these circumstances, neither the arrest nor the search is tied to the traffic charge, but rather to the violation later discovered. Brown v. United States, 125 U.S.App.D.C. 43, 365 F.2d 976; United States v. One Cadillac Hardtop, D.C., 224 F.Supp. 210. This is true even if no specific statement of fact of the second arrest is made. Brown v. United States, supra.

The officer entered the automobile at Waskom in an effort to ascertain its true owner as was his duty. It was then he discovered the presence of a "groggy" individual hiding in the vehicle, as well as the rolls and stacks of money (in wrappers of the 1st National Bank of Ft. Worth). This discovery rendered inconsistent appellant's statement that he had been robbed. It also rendered the source of this quantity of money carried in such a manner highly s.:spect, more especially since two loaded pistols were found near the money. It was at this point that appellant and his companion were detained or re-detained, not because of the traffic offenses, but upon the apparent offense or offenses uncovered.

A search of an automobile might be expected to take place when and where the arrest occurs. While the record does not disclose why the officers could not have made a thorough search at Waskom, it is obvious they concluded under the circumstances confronting them to go immediately to the county seat for a more thorough and accurate search. It is doubtful if Preston should be interpreted to mean a police officer must under all circumstances search or complete the search of the vehicle at the moment of arrest when an equally prudent course of action would be to move the vehicle to a more convenient or suitable location for the search. It is shown that upon their arrival at Marshall, approximately one hour after appellant's original traffic arrest at 8:45 a. m., the officers, still not suspecting the presence of narcotics, immediately continued the search of the automobile to determine who the appellant was, why he was in possession of two pistols and a large sum of money still in bank wrappers, whether more money still remained in the vehicle, and whether the vehicle was stolen. The record does not support appellant's claim that the officers had in fact learned that the automobile was not reported stolen prior to the search at

Marshall. The search properly commenced at Waskom was continued at Marshall after a slight delay with the same continuity of purpose by the arresting officers. We are inclined to believe that the holding in Preston turned upon the lack of continuity in purpose by the arresting officers there. See State v. Wood, 197 Kan. 241, 416 P.2d 729; Price v. United States, 121 U.S.App.D.C. 62, 348 F.2d 68; Arwine v. Bannan, (6th Cir.) 346 F.2d 458.

It is our view of the evidence in the case at bar that the arrest of appellant and his companion following the limited search at Waskom, the removal of the automobile to Marshall, and the subsequent search were a series of events constituting one continuous happening. Under such circumstances the search at Marshall occurred substantially contemporaneous with and incidental to the arrest at Waskom itself. The fact that the appellant was not present at the Marshall search did not prevent such search from being incidental to his arrest. Crawford v. Bannan, (6th Cir.) 336 F.2d 505, cert. den., 381 U.S. 955, 85 S.Ct. 1807, 14 L.Ed.2d 727, reh. den., 382 U.S. 873, 86 S.Ct. 12, 15 L.Ed.2d 116.

Since such search was reasonable, then the finding of the contraband (marihuana), totally unrelated to the purpose of the search, would be admissible. Seizable items such as instruments of crime or contraband which come into the possession of an officer *lawfully* searching in connection with another crime or for another purpose may be retained and used in the prosecution of the crime to which they relate. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668. See also Carroll v. United States, supra; Heffley v. State, Nev., 423 P.2d 666.

Appellant's motion for re-hearing is overruled.