**Santiago Quintanilla GUTIERREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40908.**

Court of Criminal Appeals of Texas.

Jan. 3, 1968.

F. B. Godinez, Jr., Pharr, for appellant.

Oscar B. McInnis, Dist. Atty., Dennis E. Hendrix, Asst. Dist. Atty., Edinberg, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the possession of marihuana with a prior conviction for the same offense alleged for enhancement. The punishment was assessed at ten years.

For reversal, the appellant urges error on the ground that there is a very serious question about the chain of possession of the marihuana which was reportedly found in the car of the appellant on the night that he was apprehended.

Officer Lackey testified that he took the paper bag found in appellant's automobile (State's Exhibit Number One) home with him on the night in question and kept it

until the next day when he personally handed it to Dr. Whigham. Later, Dr. Whigham personally delivered the same bag to him and that its contents appeared to be the same. Next, he took it to Oscar B. McInnis, District Attorney, and together they placed it in the evidence locker in the District Attorney's office.

Dennis E. Hendrix, Assistant District Attorney, testified that he took State's Exhibit Number One from the evidence locker in the District Attorney's office and delivered it to Dr. Queen for examination; that he saw Dr. Queen make the examination, and then Dr. Queen returned it to him and he placed it in the evidence locker in the District Attorney's office, and next brought it to the courtroom.

While testifying, Dr. Queen identified a manila envelope and its contents, which was marked State's Exhibit Number One, and stated that he made a microscopic and chemical examination of its contents, and he expressed the opinion that said contents contained marihuana and there was enough to make many cigarettes.

The evidence sufficiently identifies and traces the chain of custody of State's Exhibit Number One and its contents to authorize its admission in evidence.

■ The admission of evidence showing the search of the automobile and the seizure of the bag found in the glove compartment is urged as error on the ground that both the search and seizure were illegal.

Officer Lackey of the city of San Juan was patroling U. S. 83 about 10:45 p. m., January 23, 1967, when he observed an automobile approaching him within a distance of 500 feet which failed to dim its headlights. The approaching car also failed to dim its headlights when Officer Lackey flicked the headlights several times on his patrol car. Officer Lackey was accompanied by Bob Parks, a friend. Upon the cars passing, Officer Lackey immediately turned and pursued while flashing a spot light on the car until it stopped, and left the headlights of his car on as he approached the other car from the driver's side and Parks from the passenger side. Lackey saw two persons in the car, and noticed the passenger lean forward as if putting or taking something from under the seat. Lackey explained to the driver that he had stopped him for his failure to dim his lights, and asked for and examined his driver's license. During this time, Lackey learned the driver's name and that the passenger was his brother, who was eighteen years of age. While talking with the appellant he noticed what appeared to be a beer bottle sticking out from a brown paper bag on the floor board on the right hand side by the passenger. Lackey having seen the appellant fail to dim his headlights and on seeing an open beer bottle at the feet of the passenger who was a minor, who was seen leaning forward and bending down as they approached the car, he asked both to step out of the car and he searched the car for weapons. Lackey asked Parks to search the glove compartment, and Parks removed from it a brown paper sack which he handed to Lackey. Lackey testified that he examined and found a substance in the sack which appeared to be marihuana.

A ticket was issued and a complaint was filed against the appellant for his failure to dim the headlights on his car; and he was also charged with the possession of marihuana.

Proof was introduced of the prior conviction alleged for enhancement and the appellant was identified as the person so convicted.

Testifying in his own behalf, the appellant denied putting any marihuana in the glove compartment or that he knew any was in it; that when the officer was preparing to write him a ticket, the other man (Parks) got his brother out of the car, and then in a few minutes he came out of the car with the sack and said he found

it in the glove compartment. He further testified that they had bought some beer.

The testimony of appellant's brother corroborated his testimony.

In considering the stopping of the driver of an automobile for a traffic offense which resulted in the discovery of another offense, this court speaking through Judge Onion said in Taylor v. State, 421 S.W.2d 403:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence. See Goodwin v. United States, 121 U.S. App.D.C. 9, 347 F.2d 793; Busby v. United States, 9 Cir., 296 F.2d 328; Riggins v. United States, D.C., 255 F. Supp. 777; United States v. Barnett, D.C., 258 F.Supp. 455; United States v. Clark, D.C., 247 F.Supp. 958. Under these circumstances, neither the arrest nor the search is tied to the traffic charge, but rather to the violation later discovered. Brown v. United States, 125 U.S.App.D.C. 43, 365 F.2d 976; United States v. One 1963 Cadillac Hardtop, D.C., 224 F.Supp. 210, [212]. This is true even if no specific statement of fact of the second arrest is made. Brown v. United States, supra."

The foregoing rule is applicable to the facts in the instant case, and it controls the disposition of appellant's contention that the search and seizure were illegal.

However, it is observed that in rebuttal, the state called Bob Parks as a witness. He testified, without objection, that at Officer Lackey's request he assisted him in the search of appellant's car; that he

found a brown paper sack in the glove compartment of the car which he handed to Lackey; and while testifying he identified State's Exhibit Number One as the sack he took from the glove compartment of appellant's car.

The appellant is not in position to complain of the search of his car on the ground that testimony showing the search and the results thereof was introduced without objection. 5 Tex.Jur.(2) 704, Sec. 446; Hughes v. State, 163 Tex.Cr.R. 224, 289 S.W.2d 768; Garza v. State, 172 Tex.Cr.R. 468, 358 S.W.2d 622; Love v. State, Tex. Cr.App., 373 S.W.2d 242.

The judgment is affirmed.