UNITED STATES of America,
Plaintiff-Appellee,

v.

Resley GROSE, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

James Calvin EATON,
Defendant-Appellant.

Nos. 75–1273 to 75–1275.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 18, 1975.

Decided Dec. 1, 1975.

Rehearing Denied in Nos. 75–1273 and 1274 Dec. 18, 1975.

Certiorari Denied March 22, 1976.
See 96 S.Ct. 1477.

John A. Keck, Edward F. Neubecker, Barry F. Bruskin, Milwaukee, Wis., for defendants-appellants.

William J. Mulligan, U. S. Atty., John A. Nelson, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, SWYGERT, Circuit Judge, and PERRY, Senior District Judge *.

HASTINGS, Senior Circuit Judge.

In this consolidated opinion we decide three appeals from convictions for armed robbery of a federally insured savings and loan association under 18 U.S.C. § 2113(a) and (d).

Resley Grose and James Calvin Eaton were jointly tried under a one-count in-

---

* Senior United States District Judge Joseph Sam Perry of the Northern District of Illinois is sitting by designation.

dictment for armed robbery of $17,000 from the Family Savings & Loan Association in Milwaukee, Wisconsin. A jury returned a verdict of guilty against each defendant. Grose was sentenced to twenty years' imprisonment, and Eaton received a fifteen year sentence. Grose appeals that conviction in No. 75–1274. Eaton appeals in 75–1275. Resley Grose was subsequently convicted after a separate jury trial of armed robbery of $1,672 from the Continental Standard Savings & Loan Association in Milwaukee. He received a twenty year sentence to run concurrently with his sentence under the prior conviction. In No. 75–1273 Grose appeals from this second conviction.

In each of his appeals, Grose challenges the trial court's denial of his motion to suppress pre-trial and in-court identification testimony. His appeal from the Family Savings & Loan conviction also challenges the jury array in that trial and certain trial court evidentiary rulings. Eaton's appeal challenges the admission into evidence of a prior statement attributed to his brother, a government witness. Both defendants challenge the sufficiency of the evidence to support their respective convictions.

We affirm the judgments of conviction entered in both proceedings against Resley Grose. We reverse the judgment of conviction against James Calvin Eaton for reasons hereinafter set forth.

## I. DEFENDANT RESLEY GROSE

On March 4, 1974, a lone black male wearing a stocking mask and carrying a handgun robbed the Continental Standard Savings & Loan. On April 11, 1974, the Family Savings & Loan was robbed by a similarly described individual. Witnesses to both robberies testified that the stocking mask worn by the robber did not significantly distort the man's features. Resley Grose was arrested in Chicago on April 15, 1974, and was subsequently indicted for both robberies.

A.

The day following Grose's arrest, Milwaukee newspapers published an automatic bank camera photograph of the Family Savings & Loan robber taken at the bank while the robbery was in progress. The photograph appeared together with accounts of the arrest of Grose and his codefendant James Calvin Eaton.

On April 30, 1974, a police line-up was conducted with Grose's attorney present at which time three eyewitnesses identified Grose as the Family Savings robber. He was identified at the same time as the Continental Standard robber by two eyewitnesses; a third witness to that robbery was unable to make a positive identification. During his two trials, four of these witnesses identified Resley Grose in open court as either the Family Savings or the Continental Standard robber. The witnesses all testified that, although they had seen the newspaper photographs, their identifications at the line-up and at trial were based solely on their observations during the robbery they witnessed.

Grose objected at both trials to the introduction of pre-trial and in-court identification testimony by these witnesses. After evidentiary hearings, outside the presence of the jury, the trial court admitted the identification testimony. Defense counsel was permitted, however, to cross-examine the identifying witnesses on their exposure to the newspaper photograph and on the circumstances surrounding their pre-trial identification of the defendant.

On appeal defendant does not challenge the manner in which the police line-up was conducted. Instead, he contends that the witnesses' pre-trial and in-court identifications were tainted by pre-trial publicity, specifically by newspaper publication of the automatic bank camera photograph of the Family Savings robber. This publicity, it is argued, created such a substantial risk of misidentification as to violate defendant's due process rights. *See Simmons v.*

*United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Defendant cites no decision holding invalid witness identification following such publicity. In *United States v. Broadhead,* 7 Cir., 413 F.2d 1351 (1969), *cert. denied,* 396 U.S. 1017, 90 S.Ct. 581, 24 L.Ed.2d 508 (1970), this court held that the newspaper publication of photographs of the defendant taken at the time of his arrest did not render constitutionally inadmissible the subsequent pre-trial or in-court identification of defendant by an eyewitness who had seen the newspaper photograph. We held: "The matter, as posed at trial, was one of the weight to be given to the testimony. As such, it was a matter for the jury and they have decided it." 413 F.2d at 1361. *Accord, United States v. Zeiler,* 3 Cir., 470 F.2d 717, 719–20 (1972). *See also United States v. Henderson,* 5 Cir., 489 F.2d 802, 805 (1973), *cert. denied,* 417 U.S. 913, 94 S.Ct. 2612, 41 L.Ed.2d 217 (1974); *Dearinger v. United States,* 9 Cir., 468 F.2d 1032, 1035–6 (1972).

▮ Due process requires total exclusion of identification testimony only where impermissibly suggestive pre-trial identification proceedings give rise to "a very substantial likelihood of irreparable misidentification." *Simmons,* 390 U.S. at 384, 88 S.Ct. at 971. In-court identification testimony may be admitted despite overly suggestive pre-trial proceedings if an independent origin for the witness' identification is demonstrated by clear and convincing evidence. *United States v. Wade,* 388 U.S. 218, 240, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). In determining whether a due process violation exists, courts must consider the totality of the circumstances. *Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

▮ Identifying witnesses in this case were exposed to a newspaper photograph of the Family Savings robber, taken at the time of the robbery with his stocking

mask in place. For the Family Savings witnesses this at most refreshed their memories as to their own observations five days before. For the other witnesses, the photograph, to the extent it resembled the Continental Standard robber, also merely reinforced their own recollections. It was, therefore, less suggestive than the newspaper photographs of the defendant *at the time of his arrest* to which witnesses were exposed in *Broadhead* and *Zeiler.* Here witnesses had ample opportunity, at close range and under adequate lighting, to observe the perpetrator at the time of each robbery. Moreover, each witness stated under oath, without reservation, that his identification at the line-up and at trial was based on his own observations during the robbery he witnessed. From these factors the trial court in each case properly concluded that the challenged eyewitness identifications were admissible.

### B.

During his trial for the Family Savings robbery, defendant Grose objected to the jury array on the ground that only one of the forty-four prospective jurors was black. The objection was not made until voir dire was completed and the jury impaneled. The trial court denied his motion on procedural and substantive grounds. Defendant contends that this was error. We disagree.

▮ Racial discrimination in the selection of jury panels is prohibited by 28 U.S.C. § 1862.[1] However, defendant failed to satisfy procedural prerequisites for a statutory challenge to the jury array. Such a challenge must be made by motion *before* voir dire examination or within seven days after discovery of grounds for the motion, "whichever is *earlier.*" [Emphasis added.] 28 U.S.C. § 1867(a). Defendant's motion was not made until *after* completion of the voir dire. The statute further requires that

1. 28 U.S.C. § 1862 provides:

"No citizen shall be excluded from service as a grand or petit juror in the district courts of the United States on account of race, color, religion, sex, national origin, or economic status."

the motion contain "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title." 28 U.S.C. § 1867(d). Defendant's motion was unsupported except by defense counsel's oral observations as to the proportional racial composition of the panel. Defendant's failure to comply with these procedural requirements precludes his raising a statutory challenge to the array. 28 U.S.C. § 1867(e).[2]

■ To challenge the jury array on constitutional grounds, defendant must establish that the procedure adopted for the selection of prospective jurors in the Eastern District of Wisconsin amounts to "purposeful or deliberate" exclusion of blacks from jury service. *Swain v. Alabama,* 380 U.S. 202, 203–4, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Defendant, however, has indicated no factual basis in his motion or in his brief to this court for a finding of improper methods of jury selection. The mere observation that a particular group is underrepresented on a particular panel does not support a constitutional challenge. *See United States v. James,* 9 Cir., 453 F.2d 27, 29 (1971).

### C.

■ Defendant Grose contends that the court below made certain erroneous evidentiary rulings in his trial for the Family Savings robbery. We find that the trial court's rulings were substantially correct and supported by the reasons announced at trial. Although the newspaper photograph and article which Grose sought to introduce may have been admissible for some limited purpose, the trial court could properly have excluded it upon objection of Grose's codefendant. Moreover, this exclusion,

even if error, did not substantially affect the jury's verdict and was, therefore, harmless error. Federal Rules of Criminal Procedure, 18 U.S.C., Rule 52(a). *See United States v. Panczko,* 7 Cir., 429 F.2d 683, *cert. denied,* 400 U.S. 946, 91 S.Ct. 253, 27 L.Ed.2d 252 (1970).

### D.

■ Finally, Grose challenges the sufficiency of the evidence in each case to support the jury's verdict. His conviction for the Family Savings robbery is supported, in addition to other evidence, by the testimony of three eyewitnesses positively identifying him as the robber. His conviction for the Continental Standard robbery is supported by one positive and two tentative eyewitness identifications. We agree with the conclusion of the district court that there was ample evidence to support both of Grose's convictions.

## II. DEFENDANT JAMES CALVIN EATON

The conviction of defendant James Calvin Eaton for the Family Savings & Loan robbery was based on the Government's theory that Eaton drove the getaway car for the identified bank robber, Resley Grose. Evidence of the following facts was introduced at trial to support the conviction.

Shortly before the robbery on the morning of April 11, 1974, Larry Rieves, a letter carrier, observed a Cadillac with two male occupants attempting to park in a no-parking area west of the Family Savings & Loan building. Rieves could not describe the occupants but believed that one of them was black. He did note the vehicle's license number. He noticed a similar car some minutes later in a parking lot just east of the bank.

---

**2.** 28 U.S.C. § 1867(e) provides:

"The procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime * * * may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title. Nothing in this section shall preclude any person * * from pursuing any other remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination on account of race * *."

The rear license plates had been removed. Rieves brought these observations to the attention of federal agents investigating the robbery. They discovered that the license number belonged to a Cadillac registered to James Calvin Eaton.

Later that day police arrested Eaton's brother Freddie, who had in his possession at the time a revolver resembling the one used in the robbery. Freddie Eaton signed a written statement while under arrest that he had been in his brother James' car at about 4:30 that afternoon, that James Eaton and Resley Grose were also in the car, and that Grose had given him the revolver at that time.

James Eaton left Milwaukee on the evening of April 11 and went to his father's home in Chicago. He was arrested there by federal agents on April 15, along with Grose, who was also staying at Eaton's father's house.

Eaton challenges on appeal the admissibility at trial of Freddie Eaton's out-of-court statement to the police. We need not decide that question, however, because even considering that evidence and all other evidence introduced on behalf of the Government, we conclude that the evidence adduced at trial was insufficient to support the conviction of James Calvin Eaton.

 In determining the sufficiency of the evidence in a criminal case, this court must decide, upon consideration of the evidence with all inferences resolved in favor of the Government, whether a rational trier of fact could have made a finding of guilt beyond a reasonable doubt. *United States v. Scher,* 7 Cir., 476 F.2d 319, 320 (1973). Here the Government relies on evidence that Eaton was with the identified lone bank

robber, Resley Grose, some five hours after the robbery and again four days later in Chicago. However, evidence of mere association with the perpetrator of a crime either shortly before or shortly after the crime is not sufficient to support a conviction. *United States v. Carengella,* 7 Cir., 198 F.2d 3, *cert. denied,* 344 U.S. 881, 73 S.Ct. 179, 97 L.Ed. 682 (1952); *Goodwin v. United States,* 121 U.S.App.D.C. 9, 347 F.2d 793, *cert. denied,* 382 U.S. 920, 86 S.Ct. 300, 15 L.Ed.2d 234 (1965). The Government also relies on evidence of Eaton's departure for Chicago the night of the robbery and on an inference of guilty flight to be drawn from that fact. It is well settled that evidence of flight is at best "slight evidence" of guilt and insufficient by itself to support a finding of guilt beyond a reasonable doubt. *Alberty v. United States,* 162 U.S. 499, 510–11, 16 S.Ct. 864, 40 L.Ed. 1051 (1896), cited with approval in *United States v. Crisp,* 7 Cir., 435 F.2d 354, 359 (1970), *cert. denied,* 402 U.S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 116 (1971). We do not believe that the Government by combining evidence of association and evidence of subsequent flight can salvage its case against this defendant. *See Bailey v. United States,* 135 U.S.App.D.C. 95, 416 F.2d 1110 (1969).[3]

The fatal gap in the Government's case is its failure to place defendant Eaton near the Family Savings & Loan building on the morning of the robbery. There is merely evidence that places Eaton's car in that vicinity under possibly suspicious circumstances shortly before the robbery. We conclude that this evidence cannot in law support the crucial jury inferences that the car was used for Grose's getaway and that James Calvin Eaton was its driver. Without these inferences there is insufficient evidence to

---

**3.** In denying Eaton's motion for judgment of acquittal, the trial court relied in part on a subsequent decision of the District of Columbia Circuit refusing to apply the reasoning in *Bailey* to overturn a conviction where some evidence of participation in the crime was presented. *United States v. Parker,* 143 U.S.

App.D.C. 57, 442 F.2d 779 (1971). However, in *Parker* the evidence showed substantially more than association and subsequent flight. There the defendant was seen ten minutes before the robbery entering the acknowledged getaway car carrying a gun and in the company of one of the robbers.

support a jury finding of guilt beyond a reasonable doubt.

————

In light of the foregoing, we reverse the judgment of conviction against James Calvin Eaton in No. 75–1275 and affirm the judgments of conviction against Resley Grose in Nos. 75–1273 and 75–1274.

Reversed in part.

Affirmed in part.