

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

May 18, 1987

Honorable D. C. Jim Dozier
Montgomery County Attorney
Courthouse
Conroe, Texas 77301

Opinion No. JM-701

Re: Whether a magistrate may require as a precondition for obtaining a trial, the posting of an appearance bond in minor traffic offense cases under article 6701d, V.T.C.S.

Dear Mr. Dozier:

You ask:

> May a magistrate require an appearance bond to be posted in a case involving the alleged violation of a speeding law (under article 6701d, V.T.C.S.) as a precondition for obtaining a trial?

The information you have furnished reflects that the question you have asked has arisen in several of the municipal and justice courts of Montgomery County under the following scenario.

> 'A,' a motorist, a resident of the state of Texas who is operating a vehicle licensed in the State of Texas, is stopped for speeding and issued a citation. At the time of the stop, 'A' provides the information required by article 6701d, section 148 and signs a written promise to appear in court which appears on the citation [sic]. Feeling that he is not guilty of the offense with which he is charged, 'A' asks the arresting officer how he can obtain a trial. In response to his request, the officer hands 'A' an information sheet on the letterhead of the municipal court for the appropriate jurisdiction. In addition to other information provided, the sheet contains the following:
>
> > If you wish to enter a plea of Not Guilty and desire a trial, you must so indicate in the proper space below. <u>If you enter a plea of Not Guilty, you must make an appearance bond for double the amount of your fine.</u> Return the

> bond and a letter stating that you wish to contest the citation, if you wish to have a jury trial or not. . . .

Section 148 of article 6701d, V.T.C.S., provides:

> (a) Whenever a person is arrested for any violation of this Act punishable as a misdemeanor, and such person is not immediately taken before a magistrate as hereinbefore required, the arresting officer shall prepare in duplicate written notice to appear in court containing the name and address of such person, the license number of his vehicle, if any, the offense charged, and the time and place when and where such person shall appear in court. <u>Provided, however, that the offense of speeding shall be the only offense making mandatory the issuance of a written notice to appear in court, and only then if the arrested person gives his written promise to appear in court, by signing in duplicate the written notice prepared by the arresting officer</u>; and provided further, that it shall not be mandatory for an officer to give a written notice to appear in court to any person arrested for the offense of speeding when such person is operating a vehicle licensed in a state or country other than the State of Texas or who is a resident of a state or country other than the State of Texas, except as provided by the Nonresident Violator Compact of 1977. [article 6701d-23].

> (b) The time specified in said notice to appear must be at least ten (10) days after such arrest unless the person arrested shall demand an earlier hearing.

The provisions of section 148 make it mandatory upon the officer to issue a notice to appear in court, where (1) the offense is speeding; (2) the arrested person gives his written promise to appear in court; and (3) the person arrested is not operating a vehicle licensed in a state or county other than the State of Texas. <u>Taylor v. State</u>, 421 S.W.2d 403 (Tex. Crim. App. - 1967), <u>cert. denied</u>, 393 U.S. 916 (1968). Under the scenario you have provided, the sole basis for the requirement of an appearance bond is the election of the accused to enter a plea of not guilty.

As was emphasized in Attorney General Opinion JM-363 (1985), articles 17.01 and 17.15 of the Texas Code of Criminal Procedure confer upon a court broad discretion in setting bail; however, it is

our opinion that such discretion does not extend to an instance where the legislature mandates the issuance of a notice to appear in court.

## S U M M A R Y

Where the accused meets the conditions set forth in section 148, article 6701d, Texas Code of Criminal Procedure, for mandating a notice to appear in court to answer a charge for the offense of speeding, an appearance bond may not be required, solely because the accused makes it known to the arresting officer that he desires to enter a plea of not guilty.

Very truly your

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General