**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher TILLMAN, Defendant–**
**Appellant.**

**No. 03–1879.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 22, 2003.[1]

Decided Nov. 4, 2003.

---

1. We granted a motion to waive oral argument in this case, so the appeal is submitted on the briefs and the record.

Bradley W. Murphy, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Robert A. Ratliff, Shields, Ratilff, Green & Kern, Mobile, AL, for Defendant–Appellant.

Before ROVNER, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Christopher Tillman, convicted by a jury on charges that he was a felon who possessed a firearm and ammunition, appeals two sentencing decisions and a decision denying his motion challenging the jury array. Given the nature of the issues Tillman raises, we need not recite the facts that led to his conviction.

First, Tillman claims that the district judge erred when he imposed a 2–level "obstruction of justice" enhancement (U.S.S.G. § 3C1.1) after concluding that Tillman's trial testimony included some perjury. We review, *de novo*, the adequacy of the district court's conclusion supporting the enhancement, *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), and its factual findings merely for clear error. *United States v. Gage*, 183 F.3d 711 (7th Cir.1999).

The obstruction enhancement was properly invoked. Police officers testified to Tillman's actions leading to his arrest, particularly to his possession of a gun. Later, Tillman admitted to possessing a gun when he was interviewed by two Peoria police department detectives. When he testified in his own defense, however, Tillman denied both possessing a gun and telling the detectives that he had done so. The jury's verdict on these critical points supports the district judge's conclusion that Tillman committed perjury on the witness stand.

Tillman's other guideline objection is a non-starter: he claims the district judge erred in not awarding him a downward departure based on a claim that his criminal history points overstated the seriousness of his past criminal conduct. Because the district judge rejected the downward departure request after acknowledging that he had the power to grant it if appropriate, we are without jurisdiction to review his discretionary decision.

Tillman's final argument concerns his oral motion, before jury selection, to strike the jury array because all the potential jurors were white. Racial discrimination, of course, in the selection of jury panels is prohibited. 28 U.S.C. § 1862. But a challenge to the composition of a particular pool of potential jurors must satisfy several procedural prerequisites, including that it must contain "a sworn statement of facts which, if true, would constitute failure to comply with the provisions of this title...." 28 U.S.C. § 1867(d). Tillman's failure to comply with the procedural requirements precludes a statutory challenge to the array. 28 U.S.C. § 1867(e); *United States v. Phillips*, 239 F.3d 829 (7th Cir. 2001); *United States v. Grose*, 525 F.2d 1115, 1119 (7th Cir.1975). Tillman also raised this issue in a motion for a new trial, arguing that the "jury selection process ... was ... constitutionally flawed" due to an underrepresentation of African–Americans.

The Sixth Amendment requires that jurors by chosen from a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). Although a jury must be chosen from a source that is representative of the community, the Constitution does not require this to ensure representative juries, but rather impartial juries. *United States*

*v. Ashley,* 54 F.3d 311, 313 (7th Cir.1995). There is, therefore, no requirement that a venire or jury mirror the general population. *United States v. Duff,* 76 F.3d 122, 124 (7th Cir.1996). A defendant is not entitled to a jury of any particular composition.

To establish a prima facie case that the "fair cross-section" requirement has been violated, a defendant must show that (1) the excluded group is a distinctive part of the community, (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community, and (3) the underrepresentation is due to a systematic exclusion of the group in the jury selection process. *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

Tillman submitted attachments to his motion for a new trial showing that African–Americans constitute 2.3 percent of the voters/drivers-license-holder lists that provide jurors for the district court sitting in Peoria. Because the venire from which jurors were chosen in this case was devoid of African–Americans, the most Tillman has shown is that there was a 2.3 percent discrepancy between the percentage of African–Americans available to serve as jurors and the percentage of African–Americans on his jury venire. We have repeatedly held that a discrepancy of less than 10 percent is not enough to demonstrate unfair or unreasonable representation of African–Americans on the venire. *See United States v. McAnderson,* 914 F.2d 934, 941 (7th Cir.1990); *Ashley,* 54 F.3d at 314; *Phillips,* 239 F.3d at 842. Tillman thus fails to satisfy the second *Duren* requirement.

Tillman also fails to establish that the alleged underrepresentation of African–Americans is due to systematic exclusion. *Duren* defined "systematic" as "inherent in the particular jury-selection process utilized." 439 U.S. at 366, 99 S.Ct. 664. The district court's "Plan for the Random Selection of Jurors" does not provide any factual basis for a finding of impropriety. Finally, "[t]he mere observation that a particular group is underrepresented on a particular panel does not support a constitutional challenge." *Phillips,* 239 F.3d at 842; *Grose,* 525 F.2d at 1119.

The judgment of the district court is AFFIRMED.